IRVINE *v.* IRVINE.

1. When one makes a deed of land covenanting that he is the owner, and
   subsequently acquires an outstanding and adverse title, his new acqui-
   sition enures to the grantee on the principle of estoppel.
2. Where a person has bought land and paid for it, the deed subsequently
   made in consequence does not confer a new title on him; but confirms
   the right which he had acquired before the deed was made.
3  The acts of September 4th, 1841, § 12 (5 Stat. at Large, 456); of May
   29th, 1830 (4 Id. 420); and January 23d, 1832 (Ib. 496), relate to pre-

emptive rights conferred upon actual settlers, and do not apply to a case where the entry has not been made under any of them.

4. The deed of an infant purporting to convey lands operates to transmit the title, and is voidable only, not void.

5. Although it is not necessary to the affirmation of an infant's voidable deed that there be an act of affirmance by him, after he comes of age, as solemn in character as the original act itself, still *mere* acquiescence without anything else, is not generally sufficient evidence of affirmance. Any ratification or affirmance of a clear and unequivocal character, showing an intention to affirm the deed, is, however, enough.

6. Where the infant, having come of age and entered into partnership with third persons, took a lease for his firm of one part of the property which as an infant he had conveyed, from the person to whom he had so conveyed that part with other parts, the lease is proper to go to the jury, on a suit by the infant for these other parts alone, to show an affirmance of his deed for the whole; and with such evidence before the jury a court rightly refused to charge that the evidence showed *no* affirmance. Whether it did show an affirmance or not was, with this lease before them, matter for the jury to decide.

7. A court properly declines to give instructions on a hypothetical state of facts.

ERROR to the Circuit Court for the District of Minnesota. The case was thus:

Benjamin Irvine brought ejectment against his brother John Irvine, to recover from the said John possession of certain lots. He put in evidence a patent (founded on a preemption certificate) from the United States to him, dated 8th *October*, 1849, and embracing the lots in controversy. The patent recited full payment by the said Benjamin, "according to the provisions of an act of Congress of the 24th of April, 1820."

The defendant then offered in evidence a deed of conveyance from the plaintiff to him, dated 8th *May*, 1849, of the same premises as were described in the patent. To this evidence the plaintiff objected, because the deed, having been executed before the patent was issued, did not convey the estate which the plaintiff acquired by the patent.

[To understand the ground of the plaintiff's objection here, and particularly his first request, hereafter mentioned, for instructions to the jury, it is necessary to state that the 12th

section of an act of Congress, of September 4th, 1841,* referring to pre-emptive rights conferred upon actual settlers (and which apparently re-enacted one of May 29th, 1830,† which had been modified by one of January 23d, 1832‡), thus prescribed:

"That prior to any entries being made under and by virtue of the provisions of this act, proof of the settlement and improvement thereby required shall be made to the satisfaction of the register and receiver of the land district in which such lands may lie, . . . and all assignments and transfers of right hereby secured prior to the issuing of the patent shall be null and void."]

The court overruled the objection of the plaintiff, and admitted the deed offered; the plaintiff's counsel excepting.

The defendant having further put in evidence, under objection from the plaintiff's counsel, the certificate of the register of the contents of the records of his office, rested his case.

The plaintiff was then himself examined as a witness, and stated that when he executed the deed of May 8th, 1849, he was under 21 years of age, and that he was really *forced* by his brother, the defendant, who was 16 years his senior, to execute the instrument. There was no doubt as to the plaintiff's infancy at the time when he executed this deed. It appeared that the plaintiff had made pre-emption of the land; that he paid for it on the 21st of February, 1849, and took an informal receipt for it of that date, which was subsequently replaced by a formal duplicate, but of what date did not appear.

The plaintiff then rested, and the defendant put in evidence certain evidence, which tended to show that he had employed the plaintiff as his agent to enter the land for him, and that he, the plaintiff, had paid for it with money of the defendant intrusted to him for that purpose, entering it in his own name, and promising to convey it to the defendant.

---

* 5 Stat. at Large, 456.　　　† 4 Id. 420.　　　‡ Ib. 496.

He also put in evidence a written lease, dated 8th day of May, 1854, from him, defendant, John Irvine, to the plaintiff himself and two other persons doing business as a firm, of *a certain warehouse*, situated on a parcel of the land described in the patent, and in the deed of the 8th May, 1849, but *not on any part of the premises described in the declaration.* There was also evidence of the plaintiff's having been in the neighborhood of the property when valuable improvements were put on a portion of it, though not the part for which this suit was brought; and also some other evidence set up to show affirmance.

The defendant then rested.

Upon the case already stated, and with the statute of September 4th, 1841, presented to the court, the plaintiff requested the court to give to the jury the instructions as hereinafter numbered, to wit:

1st. That the deed in evidence from the plaintiff to the defendant, dated 8th May, 1849, did not pass the estate acquired subsequently under the patent from the government to the plaintiff, even assuming the majority of the plaintiff at the time of its execution.

But the court declined so to instruct the jury.

2d. If the jury find that the said deed was executed by the plaintiff while under age (and the evidence is uncontroverted on this point), the said deed is void.

But the court declined so to instruct the jury.

4th. A deed of land executed by an infant may be avoided by the infant after he becomes of age, at any time within the period of the statute of limitations, which in this State is twenty years; that is, he may in such case in this State avoid his deed at any time within twenty years after he becomes of age.

And the court instructed the jury that such was the law, unless the infant had previously ratified the deed.

5th. Such avoidance may be by another deed of same land to

another grantee after the infant becomes of age, or it may be by suit, or by other similar unequivocal act.

And the court so instructed the jury.

6th. In case of sale or deed of real estate by an infant, there must be some act of affirmance by him after he becomes of age, as solemn in character as the original act itself; otherwise the deed may be avoided by him at any time before the statute of limitations bars him. Mere acquiescence, however long, if short of the statute of limitations, is not sufficient. The act of confirmation must be of such solemn and undoubted nature as to establish a clear intention to confirm the deed after a full knowledge that it was avoidable.`

The court declined to instruct the jury that the act of affirmance must be as solemn in character as the original deed itself; but stated that mere acquiescence was not of itself sufficient evidence of affirmance, and that the ratification or affirmance must be of a clear and unequivocal character, showing the intention of the infant to confirm his deed.

7th. There is no evidence whatever of any affirmance or confirmation of the deed in this case by the plaintiff after he became of age, of the nature and character required. The evidence in this case shows no affirmance of this deed by the plaintiff after he became of age.

But the court declined so to instruct the jury.

8th. No agency or trust binding on the plaintiff has been shown to have been created or to have existed between the plaintiff and defendant during the infancy of the former. No contract is binding on the infant made during his infancy except for necessaries.

The court instructed the jury that the latter portion of this request was true, and that although an agency or trust could not be created binding upon the infant, still if there was subsequent ratification by the infant of acts lone during his infancy he would be bound by them.

9th. Even had the plaintiff been of full age when the defendant gave him the money to enter the land, as the defendant testifies, and directed him, as the defendant testifies, to enter the land for defendant, and the said plaintiff had entered the land in his own name, still the defendant could not have compelled in law or equity the plaintiff to convey the property to said defendant.

The court declined to so instruct the jury upon the ground that it was admitted by the defendant that the plaintiff was not of full age when the money to enter land was given him, and consequently that this request had no application to the case in hand.

10th. No trust has been shown in this case between the parties to this suit by which the defendant could have enforced a conveyance of the land from the plaintiff to him.

The court declined to instruct the jury as above requested, but said that there had been evidence on the part of the defendant going to show that the plaintiff was employed to enter the land in question, and although an infant, as he afterwards affirmed, his acts would be bound by it.

11th. Even if the plaintiff had entered the land as agent of the defendant, and had entered it in his own name contrary to instructions of his principal, yet if the defendant afterwards approved of such entry, such approval was a ratification of said entry.

The court instructed the jury that this might be true, but that the evidence showed that the infant had conveyed the land after entry by him, and that it was for the jury to say whether he had ratified his deed.

12th. No acts of affirmance by the plaintiff have any bearing in this case, except they relate to the property described in the declaration, and all evidence on this point, except as to the lots described in the declaration, must be excluded and disregarded by the jury.

But the court declined so to instruct the jury.

To these refusals and instructions the plaintiff excepted.

The court then further instructed the jury as to the 4th, 5th, and 6th of the said instructions so prayed by the plaintiff as aforesaid:

The question here is not whether there has been an avoidance. The defence is that the deed has been ratified by the plaintiff. I am of the opinion that the ratification should be, if not equally solemn, of a clear and unequivocal character, showing the intention of the party to confirm the deed. An avoidance may be by a deed to a third party, or, as held in this country, in other ways. But the deed from the plaintiff to the defendant was not void; it was simply voidable, and passed the title absolutely, until by some adequate act he affirmed it. The question is, Has it been disaffirmed or ratified by the plaintiff since he came of age? All the facts in proof, such as leasing part of the property, remaining in the vicinity a long time without asserting his claim while valuable improvements were being put on the property, are to be considered by the jury in deciding whether there has been a ratification by the plaintiff; but mere acquiescence does not amount to a ratification. The authorities are somewhat conflicting as to what is necessary to constitute an avoidance. Lord Lyndhurst was of opinion that a deed was necessary to avoid a deed given while under age. I think that this doctrine is perhaps sound, and ought to have been held in this country; but it has been held in this country that an infant may avoid his deed by going upon the land, or by bringing suit, &c. And with the foregoing qualification the 6th instruction asked by the plaintiff's counsel is correct, with the exception that the counsel has reversed the application of the law in his proposition. The act of avoidance and not the ratification is what the law requires to be equally solemn with the conveyance.

To which instructions, in so far as they differed from, or changed or qualified the instructions prayed for by the plaintiff, the plaintiff excepted.

And the court further instructed the jury that there had been evidence on the part of the defendant going to show that the plaintiff was employed as an agent to enter the land in question, and although an infant, if he afterwards affirmed his agency, he would be bound by the terms of such agency To which instruction the plaintiff's counsel excepted.

Verdict and judgment having gone for the defendant, the plaintiff brought the case here on error.

*Mr. Allis, for the plaintiff in error:*

The court erred in admitting the deed from plaintiff to defendant of 8th May, 1849. It could not convey the estate and title subsequently acquired by the plaintiff under the patent. If it be regarded as an attempt to convey or assign the right secured to the plaintiff by his pre-emption of this land, it was *void* under the 12th section of the act of Congress of September 4th, 1841, by virtue of which the pre-emption was made. If thus void as coming within the prohibition of this section 12, the covenants in it would be inoperative for any purpose. A deed *void* in its granting part cannot certainly be operative as a conveyance by virtue of its covenants.

The only view in which the lease and other similar evidence could have been offered, was that it tended to prove the confirmation of the deed of the 8th May, 1849, by the plaintiff after he became of age. But it is no evidence of such confirmation, because—

1st. It does not affect the property described in the declaration.

2d. In the case of sale or deed of real estate by an infant, the sale is void, and the act of affirmance by him after he becomes of age must be as solemn in character as the original act itself.

The learned counsel then took up each of the requests to the court, and each of the instructions refused; observing, in conclusion, that the whole case resolved itself into two questions.

" 1. Was the deed of 8th May, 1849, void, by reason of its contravening the 12th section of the act of Congress, of September 4th, 1841; OR, ineffectual to pass the subsequently acquired title and estate of the plaintiff under the patent of 8th October, 1849?

" 2. If the deed was merely *voidable*, by reason of the infancy of the grantor, did he, after he came of age, *affirm* the deed?"

And he conceived that he had shown that the first question should be answered in the affirmative, and the second in the negative.

*No opposing counsel.*

Mr. Justice STRONG delivered the opinion of the court.

Though the exceptions found in this record are numerous, the questions which they present are few. If the answers given to the requests of the plaintiff for instructions to the jury were correct, it is certain that the objections made by him to the admission of evidence were unfounded. Those objections were all based upon the assumption that the evidence offered was immaterial and irrelevant to the issue. Whether the assumption was well grounded will be seen when we consider the law of the case as expounded in the charge to the jury.

The plaintiff submitted twelve propositions, which he asked should be given to the jury as instructions. The first was in substance that the deed of May 8th, 1849, from the plaintiff to the defendant, did not pass the estate acquired by the plaintiff under the patent from the United States made subsequently, to wit, on the 8th of October, A.D. 1849, and that it would not have passed the estate had the plaintiff attained his majority before the deed was made. It is a general rule, that when one makes a deed of land, covenanting therein that he is the owner, and subsequently acquires an outstanding and adverse title, his new acquisition enures to the benefit of his grantee, on the principle of estoppel. As the deed of the plaintiff in this case contained an assertion that he was well seized in fee, and had good right to sell and convey in fee, it would not be difficult, were it necessary, to show that in taking the patent he was in law acting for his grantee. But it is not necessary to rely upon that principle. The evidence in the case was, that prior to his deed to the defendant, to wit, on the 21st of February, 1849, he had bought the land from the government, and had paid all the purchase-money. The patent subsequently given to him

was, therefore, not a new acquisition of title. It was only a confirmation of the right which he had acquired before the deed was made.

But it is argued, on behalf of the plaintiff, that the deed was inoperative, because it was forbidden by the 12th section of the act of Congress of September 4th, 1841, which granted pre-emption rights, and enacted that any grant or conveyance made before the entry of the land shall be null and void, except in the hands of *bonâ fide* purchasers for a valuable consideration. To this it may be answered, that neither that act nor the acts of May 29th, 1830, and January 23d, 1832, have any application to the present case. They relate to pre-emptive rights conferred upon actual settlers. The plaintiff did not enter the land in dispute under either of these, and no act of Congress deprived him of the power to sell and convey *after* he had made an entry and paid all the purchase-money, though before he had received his patent. The court could not then have affirmed the proposition which the plaintiff submitted.

His second point was that the deed was void because made by the plaintiff during his minority. This the court refused to affirm. Whatever may have been the doubts once entertained, it has long been settled that the deed of an infant, being an executed contract, is only voidable at his election; that it is not void. It operates to transmit the title. And there are some cases, of which the present, in one aspect of it, may possibly have been one, in which such a deed is held to be not even voidable. They are those in which the infant, by making the conveyance, does only what the law would have compelled him to do.* Whether this was such a deed need not be considered, for conceding that it was not, clearly it was not void.

The third proposition of the plaintiff does not appear in the record.

The fourth and fifth were affirmed, and the sixth was answered correctly.

---

\* See Zouch *v.* Parsons, 3 Burrow, 1794.

The minority of the plaintiff at the time when he made his deed to the defendant was an admitted fact, and this suit was an attempt to avoid the deed. The evidence disclosed nothing that could amount to an avoidance of the deed before the suit was brought; nothing which the law recognizes as an act of avoidance. The struggle at the trial was over the question, whether the plaintiff had not *confirmed* the deed after he came of age? He contended, and he asked the court so to instruct the jury, that an act of affirmance must be of as solemn a character as the deed itself. This instruction the court declined in terms, stating, however, that mere acquiescence, however long, if short of the statutory period of limitations, is not sufficient, and that an act of confirmation, if not equally solemn with the deed, must be of such a solemn and undoubted nature, of such a clear and unequivocal character, as to establish a clear intention to confirm the deed after a full knowledge that it was voidable. Certainly this was all that the plaintiff had a right to demand. There is a well-recognized distinction between the nature of those acts which are necessary to avoid an infant's deed, and the character of those that are sufficient to confirm it. The authorities frequently assert that such a deed cannot be avoided except by some act equally solemn with the deed itself. Some assert that it cannot be done by anything short of an entry; and this whether the deed operates by livery of seisin, or transmits the title by virtue of the statute of uses. Others hold that it may be avoided, without a previous entry, by another deed made to a different grantee. But all the authorities recognize the doctrine, that acts which would be insufficient to avoid such a deed may amount to an affirmance of it. While generally it has been held that mere acquiescence, though long continued, will not suffice; yet even that, in connection with other circumstances, may establish a ratification.* And, where an infant had sold land, and

---

* Cresinger *v.* The Lessee of Welch, 15 Ohio, 193; Drake *v.* Ramsey, 5 Ohio, 251; Ferguson *v.* Bell, 17 Missouri, 347; Bostwick *v.* Atkins, 3 Comstock, 53.

after coming of age saw the purchaser making large expenditures in valuable improvements upon the land sold, and said nothing in disaffirmance for four years (facts very like those appearing in this case), it was held that the circumstances were not such as to excuse this long silence, and there being evidence that after he had reached twenty-one years of age he had said that he had sold the land, had been paid for it, and was satisfied, and had authorized an offer to purchase it, it was ruled, as a legal conclusion, that he had confirmed his deed.* So in *Wallace's Lessee* v. *Servis*,† it was adjudged that an infant's acquiescence in his deed for four years after he came of age, in view of extensive improvements made upon the property, amounted to a confirmation.

There is reason for this distinction between the effect of acts in avoidance and that of acts of confirmation. We have seen that an infant's deed is not void; it passes the title of the land to his grantee. Now, if the deed be avoided the ownership of the land is retransferred. The seisin is changed. There is fitness in a rule that title to land shall not pass by acts less solemn than a deed; that its ownership shall not be divested by anything inferior to that which conferred it. On the other hand a confirmation passes no title; it effects no change of property; it disturbs no seisin. It is therefore itself an act of a character less solemn than is the act of avoiding a deed, and it may well be effected in a less formal manner.

By the seventh proposition the court was asked to instruct the jury that there was no evidence of any confirmation of the deed by the plaintiff after he came of age, and that the evidence showed no affirmance. Whether the evidence showed an affirmance or not was a question for the jury and not for the court, if there was any tending to show it; and that there was is beyond doubt. Had there been nothing more than the lease of a part of the land conveyed, a lease made by the defendant to the plaintiff, with others, on the

---

* Wheaton *v.* East, 5 Yerger, 41–62.

† 4 Harrington, 75; see also Hartman *v.* Kendall, 4 Indiana, 405.

8th of May, 1854, it would have been impossible for the court to have withheld from the jury the inquiry whether the plaintiff had not confirmed his deed, or to have declared there was no evidence of confirmation. True the lease was not for the particular parts of the land conveyed by the deed which are the subjects of the present suit, but it was still very significant. The defendant held the part demised by the same title by which he claims the lots now in dispute, to wit, under the plaintiff's deed. He held by no other right. If the deed was effective to assure to him the premises demised, it was equally so to protect him in the ownership of the lots, for it conveyed the whole property, the lots and the demised premises. When, therefore, the plaintiff signed and sealed the lease, he acknowledged by a solemn act that the defendant rightfully held under the deed. It might well have been inferred from this that he intended to assent to the conveyance he had made. There was other evidence of ratification, but this suffices to show that the plaintiff's proposition was inadmissible.

The eighth and tenth points relate to some evidence that had been given, tending to show an employment of the plaintiff by the defendant to enter the land for him, and that the plaintiff paid for it with the defendant's money, furnished to him for that purpose. The court was asked to instruct the jury that no trust or agency had been shown which could have been enforced. We do not perceive how the court could rightfully have affirmed what was asked. An infant may undoubtedly be a trustee, and be compelled to execute his trust. Especially, if after he came of age, he affirms the trust, and ratifies the acts which he did in accordance with the trust, will it be out of his power to deny that any trust ever existed. But we need not discuss this subject; it is of small importance to the case. It is enough that, in our opinion, it was not for the court to deny that there had been a resulting trust, and had they denied it the plaintiff would have gained nothing. The controlling question, the one submitted to the jury, was whether he had conveyed his interest, whatever it might have been, to the de-

fendant, and whether he had confirmed his conveyance after he attained his majority.

The ninth request for instruction presented an abstract question not raised by anything in the case. The court did well to decline answering it. Certainly it should not have been affirmed.

The eleventh proposition was affirmed, and the twelfth was correctly answered, as we have shown in our remarks upon the seventh.

We have thus reviewed the entire record and have found no error. If anything has been left unnoticed it is because we consider it unimportant. The plaintiff has himself well summed up the case by stating that there are but two questions presented by it: "First, was the deed of May 8th, 1849, void by reason of its contravening the act of Congress of September 4th, 1841, or ineffectual to pass the subsequently acquired title and estate of the plaintiff under the patent of October 8th, 1849? Second, if the deed was merely voidable by reason of the infancy of the grantor, did he, after he came of age, affirm it?" The first we have answered in the negative, and the second was properly submitted to the jury.

The judgment of the Circuit Court is

AFFIRMED, WITH COSTS.