## WILLIAM H. DIXON *vs.* JAMES H. MERRITT & others.

### Jan. 11, 1875.

**Deed of Infant Feme Covert and her Husband.**—Section 2, ch. 46, Rev. Stat., provided that "a husband and wife may, by their joint deed, convey the real estate of the wife, in like manner as she might do, by her separate deed, if she were unmarried." If the wife was an infant, this statute gave to the joint deed of her and her husband the same effect, as a conveyance of her real estate, as was given to a deed executed by her as an infant *feme sole*.

**Deed of Infant Voidable, not Void.**—The deed of an infant, (and an infant *feme sole* is nothing more,) being an executed contract, (as, for instance, a mortgage of real estate,) is not void, but voidable at the infant's election.

**Same—How Avoided.**—It is for an infant desiring to avoid her deed to signify her desire, not only by refraining from any act of affirmance, but by performing some positive act of disaffirmance.

**Same—Avoided by Execution of Warranty Deed, after Majority.**—When the question is as to the disaffirmance of a mortgage of land, executed by an infant, the execution by the infant, after her majority, of a warranty deed of the same land, to some person other than the mortgagee, would be a sufficient disaffirmance, unless the infant had lost her right to disaffirm—that is to say, had affirmed or ratified the mortgage.

**Former Judgment, when an Estoppel.**—In order that a judgment in a former action should bind parties and privies, by way of estoppel, in a subsequent action, it must have directly decided a point which was material in such former action, and is in litigation in the latter.

Complaint, in the usual form, under the statute for determining adverse claims to real property. Gen. Stat., ch. 75. Answer, that on August 22, 1860, defendants became owners in fee of the real estate described in the complaint, and continued such owners until November 4, 1870, when they conveyed with warranty to one Kent; concluding with a prayer that plaintiff be decreed to have no interest in said real estate. Trial in the district court for Dakota county, before *Crosby*, J., (a jury being waived,) who found the following facts: On September 13, 1855, one Anna E. Agnew was the owner in fee of the land in question, and on that day she joined with her husband, Edward C. Agnew, in mortgaging the same to one Bidwell, to secure a debt of her said husband. Anna E. Agnew was born July 7, 1837, and was an infant at the time of the execution of this mortgage. Pursuant to a power of sale contained therein and recorded therewith, this mortgage was foreclosed by advertisement, and the land sold to the defendants on August 22, 1859, and at the expiration of the year of redemption, the usual sheriff's deed was made and recorded. On November 4, 1870, the defendants conveyed to Kent, as stated in the answer.

On February 12, 1863, Mrs. Agnew, by her next friend, brought an action against these defendants in the district court for Dakota county, alleging that the mortgage to Bidwell was given to secure a loan of money from Bidwell to

her husband, for his separate use'; that on May 4, 1858, Bidwell assigned the mortgage and the notes secured thereby to the defendants ; that afterwards and on the same day, without the knowledge or consent of plaintiff, the defendants and Edward C. Agnew computed the amount then due on said notes, and for this amount and an additional amount of money then and there loaned to Edward C. Agnew, the defendants received from him four joint notes of him and of one William K. Dixon, secured by mortgage upon the real estate of the latter ; that on August 22, 1859, defendants foreclosed the mortgage executed by plaintiff, and purchased the real estate therein described, and have recorded the proper evidence of foreclosure and purchase in the office of the register of deeds, etc., where the same remains of record and a cloud upon her title ; that defendants have never cancelled the mortgage executed by her, nor conveyed the land, but have possession thereof, and claim the title thereto in fee : wherefore plaintiff prays that said mortgage of her real estate be ordered to be satisfied of record, that the foreclosure proceedings be declared null and void, that she be restored to her former estate and possession in said premises, and for general relief. In their answer to this complaint, the defendants put in issue the allegations of plaintiff's ownership at the date of the mortgage, and those relating to the consideration of the mortgage, and to plaintiff's knowledge of and consent to the transaction between themselves, Dixon and Edward C. Agnew. *Palmer*, J., before whom the case was tried without a jury, found the facts to be as alleged in the complaint, except that he was unable to find, from the evidence, the purpose for which the money loaned by Bidwell to Edward C. Agnew was borrowed ; nor could he find whether or not plaintiff was aware of the exact nature of the transactions between defendants and E. C. Agnew and Dixon, or consented to the execution of the notes and mortgage then made ; but he found that she had knowledge of the fact of the execution of the mortgage and joint notes, and further found that there was no agreement

that these notes and mortgage should take the place of or annul the note and mortgage of plaintiff, or that there should be any delay in enforcing payment of plaintiff's note and mortgage.   As conclusions of law, the judge found that plaintiff's mortgage was a valid and subsisting lien, and was not released, nor was its immediate foreclosure prevented, by the transactions between defendants and E. C. Agnew and Dixon ; that plaintiff was not entitled to the relief sought, or to any relief in the action, and that defendants were entitled to judgment of dismissal.   Judgment for costs was entered in favor of defendants, which, upon appeal, was affirmed by this court.   *Agnew* v. *Merritt*, 10 Minn. 308.

On September 9, 1865, Anna E. Agnew was divorced from Edward C. Agnew, and on April 26, 1866, she conveyed the land in question to the plaintiff by warranty deed, which land at the commencement of this action was vacant and unoccupied.

The money borrowed of Bidwell, and which the said mortgage was given to secure, was borrowed and used by Edward C. Agnew, husband of Anna E., and no part of it was used for her benefit.

As a conclusion of law, the judge found that the plaintiff was entitled to the relief prayed in his complaint, and ordered judgment accordingly.   A motion for a new trial was denied, and defendants appealed.

*I. V. D. Heard*, for appellants.

*A. R. Capehart*, for respondent.

BERRY, J.   The mortgage involved in this action was made September 13, 1855, by Anna E. Agnew, owner in fee simple of the premises mortgaged, and an infant *feme covert*, and Edward C. Agnew, her husband.   The statute then in force, Rev. Stat., ch. 46, § 2, provided that " a husband and wife may, by their joint deed, convey the real estate of the wife, in like manner as she might do by her separate deed, if she were unmarried."   If the wife was an infant, this statute gave to the joint deed of her and her husband the same effect, as a conveyance of her real estate, as was given

to a deed executed by her as an infant *feme sole*.    The better and now prevailing rule is that the deed of an infant, (and an infant *feme sole* is nothing more,) being an executed contract, (as for instance a mortgage of real estate,) is not void, but voidable at the infant's election.    2 Kent, (12th Ed.) 236–9 and note 1; *Irvine* v. *Irvine*, 9 Wall. 617; *State* v. *Plaisted*, 43 N. H. 413; *Hastings* v. *Dollarhide*, 24 Cal. 195; 1 Am. Lead. Cas. 248.    As the mortgage above mentioned was, therefore, not void, but voidable at Mrs. Agnew's election, it was for her, if she desired to avoid it, to signify her desire, not only by refraining from any act of affirmance, but by performing some positive act of disaffirmance.    *Authorities supra.*    In this case, the mortgage had been so foreclosed by advertisement, that, if it had not been voidable and been avoided, the foreclosure would have conferred a good title upon the purchasers.    After the title of the purchasers at the foreclosure sale had become perfect, (save so far as it was affected by the voidability of the mortgage,) and after Mrs. Agnew had arrived at majority, and had been divorced from her husband, she conveyed the mortgaged premises to the plaintiff by a warranty deed.    This deed was a sufficient disaffirmance of the mortgage, unless, by delay or otherwise, Mrs. Agnew had lost her right to disaffirm—that is to say, had affirmed or ratified the mortgage.    *Authorities supra; Hoyle* v. *Stowe*, 2 Dev. & Bat. Law, 320.    Whether she had lost her right, and had affirmed or ratified the mortgage, was a question of fact, or perhaps of mixed fact and law, (*Irvine* v. *Irvine*, 9 Wall. 617; *State* v. *Plaisted*, 43 N. H. 413; 2 Kent, 236–9 and note 1,) which, upon the findings of the court below and the evidence reported, must be taken to have been answered in the negative, and found accordingly.

But the defence principally relied upon is that the plaintiff is estopped, by a former judgment, from setting up Mrs. Agnew's infancy.    The judgment referred to was rendered in an action brought by Mrs. Agnew, (then a *feme covert*, but not an infant,) by her next friend, in which, after

alleging the execution of the mortgage and its foreclosure, further facts were averred, showing, as was contended, that before the foreclosure proceedings had been commenced, the mortgage had been satisfied. The relief sought was that the foreclosure might be set aside, and the mortgage ordered to be satisfied of record. Judgment was rendered dismissing the action, upon the ground, (as appears from the findings in the case,) that the plaintiff was not entitled to the relief sought, or to any relief in that action. The plaintiff brings the present action to determine an alleged adverse claim of defendants. This claim defendants undertake to maintain by producing the mortgage and the proof of foreclosure. Plaintiff, as privy in estate with Mrs. Agnew, (*Hoyle* v. *Stowe*, 2 Dev. & Bat. Law, 320,) attacks the mortgage, claiming that it was voidable, as having been made by Mrs. Agnew while an infant, and as having been by her disaffirmed. In effect, then, in the former action, the mortgage was attacked solely on the ground that it had been satisfied, while in this action it is attacked on the ground that it was made by an infant, by whom it had been duly avoided. Without undertaking to lay down any general rule, applicable to all cases, by which to determine what questions are, and what are not settled by a former adjudication, it will be sufficient, for the purposes of this case, to say that in order that a judgment in a former action should bind parties and privies, by way of estoppel, in a subsequent action, it must have directly decided a point which was material in such former action, and is in litigation in the latter. 2 Taylor on Evidence, §§ 1507, 1528 ; Broom's Legal Maxims, 327 ; *Langmead* v. *Maple*, 18 C. B. (N. S.) 255, 270 ; *Demarest* v. *Darg*, 32 N. Y. 281 ; *Burlen* v. *Shannon*, 99 Mass. 200 ; *Boileau* v. *Rutlin*, 2 Exch. 665 ; *Aurora City* v. *West*, 7 Wall. 82 ; *People* v. *Johnson*, 38 N. Y. 63 ; *Hunter* v. *Stewart*, 4 De Gex, F. & J. 169, 179 ; *Woodgate* v. *Fleet*, 44 N. Y. 1 ; Freeman on Judgments, § 271. Tried by this test, no argument is needed to show that the former adjudication, relied upon by the defendants, cannot be set up as a bar, by way of estoppel, to the present action.

Whether in this action, and upon the pleadings as they stand, the parties were properly entitled, as a matter of right and of good practice, to litigate all the matters which they have litigated in fact, is a question which we need not examine, in view of the circumstance that this has been done without any objection which we are called upon to consider.

Order denying new trial affirmed.