## Richmond.

### BIRCH V. LINTON AND WIFE.

February 14, 1884.

1. INFANTS—*Deeds—Voidable.*—It is well settled that an infant's convey-ance of land is voidable only; and after attaining majority, he may affirm or avoid it. No notice of disaffirmance is required. Entry or action suffices.

2. IDEM—*Silence—Inertness.*—Mere silence or inertness for any period short of bar to ejectment, unaccompanied by some confirmatory act, affirms not the conveyance. *Wilson* v. *Branch*, 77 Va. 65.

3. PRACTICE AT COMMON LAW—*Instructions.*—Instructions founded upon no evidence in the case are properly refused.

4. IDEM—*Idem—Statute of limitations.*—Instructions suggesting that Code 1873, chapter 146, sections 4 and 5, curtails infant's time of making entry on, or of suing for land, from fifteen to ten years, is erroneous. Those sections enlarge such time, by giving fifteen years in any event or ten years from disability removed.

5. INFANTS—*Conveyance—Avoidance—Case at bar.*—M, an infant, con-veys her land, and then marries, September, 1857, and with hus-band leaves the State. She comes of age April, 1858. She and hus-band bring ejectment for her land September, 1876. She had been inert and silent, but absent, while grantee occupied and improved the land. Defendant relied on the statute of limitations.

HELD:

 1. She was entitled to disaffirm the deed after attaining majority, and her action was sufficient notice of disaffirmance.

 2. Without affirmance the deed was not valid. Mere silence or inertness did not affirm it.

 3. Considering her claim accrued September, 1857, it was not barred when asserted by her action in September, 1876, as she was en-titled to fifteen years *plus* the period from 17th April, 1861, to 2d March, 1866, within which to enter or sue.

6. Q u æ r e—*Voidable conveyance—Adversary possession.*—Can grantee
under voidable deed have such adversary possession as will support
plea of statute of limitations against his grantor, so long as option of
avoidance continues in grantor? Where infant feme conveys her land
and marries, can she affirm or avoid, or be required to affirm or avoid,
the conveyance *dum potestate viri?*

Error to judgment of circuit court of Alexandria county,
rendered May 19th, 1881, in an action of ejectment, wherein
Philip H. Linton and his wife, Martha A. (formerly Birch),
were plaintiffs, and John T. Birch was defendant. The
object of the action was to recover sixteen acres of land
and the *mesne* profits for five years next before action.
Martha owned this land, and whilst an infant, the day
before her marriage, by deed of September 8th, 1858, con-
veyed it to Jane T. Birch, who conveyed it to defendant.
After marrying Philip they went to Maryland, where they
still reside. Without having validated this deed, made in
infancy, she and her husband in 1876 instituted this action.
Verdict and judgment being for them, John T. Birch ob-
tained a writ of error and *supersedeas.*

At the trial the defendant moved the court to give the
jury the following instructions:

1. If the jury believe from the evidence that the money
paid for the land in controversy was paid by James H.
Birch, and that in taking the deed in his name he did not
intend any advancement to his daughter, Martha A. Birch
(now Linton), but that there was a resulting trust to James
H. Birch, they must find for the defendant; and the fact
that James H. Birch, after the deed from Robert Birch to
Martha A. Birch, exercised ownership over the land, and
just before the marriage conveyed the land to John L.
Smith in trust for Mrs. Birch, is evidence for the consid-
eration of the jury.

2. If the jury find, from the evidence, that more than
ten years elapsed after the 22d day of April, 1858, when

Martha Linton became of age, and before the institution of this suit, exclusive of the period between the 17th of April, 1861, and 1st day of July, 1869, they must find for the defendant.

3. If the jury believe, from the evidence, that the plaintiffs, after the said Martha A. Linton became of age, permitted the defendant to expend large sums of money in the improvement of the land without notifying him of their claim, they cannot recover in this action.

4. If the jury believe, from the evidence, that on the 22d day of September, 1857, the plaintiff, Martha A. Linton, was unmarried and was under the age of twenty-one years, and on that day conveyed the land in the declaration mentioned to John L. Smith, trustee; that on the 22d day of April, 1858, the said Martha A. Linton became of age, and has not since then, until the institution of this suit, disavowed said deed, but has allowed the grantees therein and the defendant to hold possession thereof and to expend money and labor thereon in permanent improvements up to the date of the institution of this suit, then the plaintiffs have been guilty of *laches*, and the jury may find for the defendant.

But the court refused, and in lieu thereof gave the following, to-wit:

If the jury believe, from the evidence, that Martha A. Linton, one of the plaintiffs, was, on the 8th day of September, 1857, unmarried; that her maiden name on said day was Martha A. Birch; that on said day she was seized and possessed of the said sixteen acres of land in fee simple in the declaration mentioned; that on the said day she conveyed the said sixteen acres of land to John L. Smith, trustee; that the defendant claims title under said deed; that at said time of the execution of said deed by said Martha A. Birch she was under the age of twenty-one years; that the said defendant, John T. Birch, was, at the time of

the institution of this suit, and is now, in possession of the said land; that said Martha A. Birch, before the institution of this suit, intermarried with the other plaintiff, then the jury must find for the plaintiffs; provided, the jury shall believe, from the evidence, that the plaintiffs have identified with reasonable certainty the land in the declaration mentioned as the land in the possession of the defendant.

To which rulings the defendant excepted. The remaining facts are stated in the opinion of the court.

*H. O. Claughton, Charles E. Stewart* and *L. Marbury,* for the plaintiff in error.

*E. Burke,* for the defendants in error.

HINTON, J., delivered the opinion of the court.

This is an action of ejectment brought by the defendants in error, Phillip H. Linton and Martha A. Linton, his wife, against the plaintiff in error, John T. Birch, in the circuit court of the county of Alexandria, to recover sixteen acres of land lying in said county, and for the mesne profits accruing during the five years next preceding the action.

During the progress of the trial the defendant requested the court to give four instructions; but it refused to do so, and in lieu thereof gave one of its own; and this action of the court constitutes the first ground of exception.

The refusal of the court to set aside the verdict which the jury found for the plaintiffs, constitutes the second ground of exception.

The evidence was not conflicting, and the court has certified it as being the facts proved. It shows that on the 9th June, 1855, Robert Birch and Mary, his wife, conveyed to his niece, Martha A. Birch, the lot of land in question, and that on the 8th day of September, 1857, the said Martha

A. Birch, who was then an infant, conveyed the same land to a trustee for the sole and separate use of her stepmother, Jane C. Birch, with power to dispose of it in any manner she might think proper. This last mentioned deed was recorded on the 9th September, 1857, and on the next day this infant, Martha A. Birch, married her present husband and co-plaintiff, Phillip H. Linton, and went with him to the State of Maryland, where they have resided ever since.

On the 11th day of April, 1865, Jane C. Birch, her trustee and her husband uniting, conveyed the said property to the defendant. On the 22d of April, 1858, the infant, Martha A. Linton, became of age, and on the 6th of September, 1876, the present action was commenced by herself and husband.

That the conveyance of land by an infant is voidable, and that he may, after attaining his majority, affirm or disaffirm it, is now well settled. But what amounts to an affirmance or a disaffirmance, by an infant of his deed, seems still to be a subject of dispute, as to which there is a considerable conflict of authority. The prevailing opinion, however, seems to be not only that acts which would be insufficient to avoid a deed may amount to an affirmance of it, but that mere silence, for any length of time less than the statutory period, which would bar an action of ejectment, when unaccompanied by some act of a confirmatory nature, will not suffice for that purpose. Upon this point the supreme court of the United States, in a late case, says: " The preponderance of authority is, that in deeds executed by infants *mere* silence or inertness, continued for a period less than that prescribed by the statute of limitations, unless accompanied by affirmative acts, manifesting an intention to assent to the conveyance, will not bar the infant's right to avoid the deed." *Sims* v. *Everhardt*, 102 U. S. R. 310. And to the same effect is the statement of Mr. Tyler, an author of acknowledged merit, who says : " That

by the authorities in this country, it would seem ordinarily that a conveyance of real estate by an infant may be disaffirmed at any time, so long as an action of ejectment is not barred by the statute of limitations." Tyler on Inf. and Cov. p. 70; *Irvin* v. *Irvin*, 9 Wall. 627; *Drake's Lessees* v. *Ramsey*, 5 Ohio R. 254; *Jackson* v. *Carpenter*, 11 Johns. R. 541; *Wallace* v. *Latham*, 52 Miss R. 293; *Wilson* v. *Branch*, 77 Va. 65. Accepting this as the true exposition of the law on this subject, we come now to consider both the instruction which was given and those which were refused by the court.

As to the single instruction which the court gave, it is only necessary to say that, in view of the facts of this case, it correctly expounds the law, and that the general objection taken to it at the trial seems to have been abandoned in this court. As to the first instruction asked for by the defendant, it was properly refused. For, after the most careful scrutiny of the record, we have failed to find one particle of evidence tending to make out the resulting trust to James H. Birch contemplated in said instruction; and to have given it, therefore, would have been to mislead the jury, by withdrawing attention from the facts of this case to a hypothetical case, utterly unsupported by any evidence in this case.

The second instruction was based upon that provision of the statute of limitations which allows infants to make entry or bring action within ten years after the removal of the disability of infancy, notwithstanding the fifteen years' limitation may have expired. The suggestion of the defendant in this instruction was, that the statute curtailed the time of the infant for the assertion of his rights in this case from fifteen years, the time allowed for the bringing of an action of ejectment, to ten years. But this is exactly the reverse of the operation of the statute, in cases like the one under review. In such cases the statute enlarges the

time for the assertion of the rights of those under the dis-
ability of infancy by giving them fifteen years in any
event, or ten years after disability removed, in which to
bring the action, and it is immaterial which period shall
first expire. It was therefore properly refused.

By the third instruction the court was asked to charge
the jury that if the plaintiff, after Martha A. Linton be-
came of age, permitted the defendant to expend large sums
of money in the improvement of the land, without notify-
ing him of their claim, they cannot recover; and

By the fourth instruction the court was asked to instruct
the jury that if they believed that Martha A. Linton had
not disavowed the deed, but allowed the grantees therein
and the defendants to hold possession of the land and to
expend money and labor thereon, in permanent improve-
ments, that they should find for the defendant. The first
of these two instructions, in effect, affirms the proposition
that mere silence on the part of the infant, for a period
short of the statutory limit, within which an action of
ejectment may be brought, will bar the right of the infant
to recover. Such, however, as we have before seen, is not
the law; and this instruction, therefore, was properly re-
fused. As to the fourth instruction, we have only to say,
that it is not necessary, in this State, for the infant to do
more than bring his suit within the proper time; that is all
the disavowal of his deed that is required by the law here.
See *Bedinger* v. *Wharton*, 27 Gratt. 870; *Mustard* v. *Wohl-
ford's Heirs*, 15 Gratt. 329.

The only remaining question is whether this action was
instituted within the proper period for the bringing of an
action of ejectment; and upon this point we are all agreed
that it was. The right of action accrued on the eighth
day of September, 1857, and the suit was brought on the
sixth day of September, 1876, the actual period, therefore,
which intervened between the date of the conveyance of

the infant and the date of the bringing of the suit for its avoidance, was eighteen years, eleven months and twenty-eight days.   Now, without undertaking to say whether the whole period between April 17, 1861, and January 1, 1869, should be excepted, that being unnecessary for the decision of this case, we are all clearly of opinion that the period excepted by the act of assembly, passed March 2, 1866 (see Acts 1865–66, p. 191), and known as " An act to preserve and extend the time for the exercise of certain civil rights and remedies,"—to-wit : four years, ten months and fifteen days—must be excepted, and this brings it within the fifteen years allowed by the statute, within which an action of ejectment may be brought.

Upon the merits, we think that there is no reason for the complaint of the defendant that the infant stood by and saw improvements being put upon this property without giving any evidence of disavowal.   On the contrary, the facts clearly establish that the infant, within two days after her conveyance was made, left the neighborhood and went to another State to reside, and has never been in that vicinity but once since, and then only for a brief period. And as to the alleged improvements, it is equally clear that they were only such as were incident to the cultivation of the land, the profits of which the defendant has enjoyed.   Upon the whole, we are of opinion that the judgment appealed from is right, and must be affirmed.

JUDGMENT AFFIRMED.