JONAS GUILFORD *vs*. WESTERN UNION TELEGRAPH COMPANY.

June 9, 1890.

**Former Judgment—Privies.**—A judgment in a former action wherein this respondent was defendant, and the appellant's assignor plaintiff, *held*, to bind the plaintiff in this, and to prevent a recovery by him.

Appeal by plaintiff from an order of the district court for Hennepin county, refusing a new trial after a trial by *Young*, J., without a jury. At the trial, the record of the former action in the same court (which is mentioned in the opinion) was in evidence. That action was tried, without a jury, by *Lochren*, J., who found as facts the existence of defendant's rule requiring indemnity before issuing new certificates in place of lost certificates, and plaintiff's refusal to comply with such rule, on the ground that it was unreasonable. He also

found that the plaintiff in that action was the owner of the certificates; that he lost them the day they were issued to him; that he had never indorsed or otherwise assigned them; that he at once notified defendant of the loss; that the certificates have never been found; and that plaintiff continued to be the owner of the shares represented by the certificates. As conclusions of law he held the rule of the defendant to be reasonable, and that "the plaintiff, having refused to comply therewith, has no cause of action," and the defendant thereupon had judgment on the merits. In the present case it appeared that defendant had offered to plaintiff to issue to him new certificates on his furnishing the indemnity required by its rule, which plaintiff had refused to do. The above-mentioned rule requires an indemnity bond in double the par value of the shares represented by the certificates, with two sureties, each worth double the par value of the shares for which the new certificates are issued. In the present case the court held the rule to be reasonable, and that plaintiff could not recover without a compliance with it,—following the ruling in the former action.

*Jonas Guilford*, appellant, *pro se.*

*Ferguson & Kneeland*, for respondent.

COLLINS, J.[1] This action was brought to adjudge and declare the plaintiff a stockholder in defendant corporation, and the owner of certain shares of its capital stock, to compel defendant to make such entries upon its books as would transfer to plaintiff said stock, and also to compel the defendant to issue and deliver to plaintiff, as owner of said stock, certificates representing and evidencing said shares of stock in place of 12 certificates issued by defendant in the month of February, 1882, to one Asa Guilford, for the same purpose, and which, plaintiff claims, were accidentally lost by said Asa Guilford on the day they were issued. The plaintiff claims to have succeeded to the interests of Asa Guilford in the stock and stock certificates, by virtue of a bill of sale transferring and conveying the same to him. The certificates have never been in plaintiff's possession, and, so far as is known, have never been found since their loss. From the pleadings,

[1]Vanderburgh, J., took no part in this case.

evidence, and findings, it is manifest that, as between the parties, there is very little dispute over the facts; the main controversy being as to defendant's right to require, in accordance with one of its rules and regulations in such cases, a bond of indemnity, in double the par value of said shares of stock, as a condition precedent to the issuance and delivery of new certificates in lieu of those alleged to have been lost.

Among other matters set forth in defendant's answer was a judgment in its favor, duly entered on the 15th day of August, 1883, and upon the merits, in a suit then pending for this same cause of action, wherein said Asa Guilford was plaintiff, and the present respondent the defendant, which judgment remains in full force and effect. The pendency of such a suit, and the entry of the judgment, were admitted in the reply; but the plaintiff attempted to evade the force and sufficiency of the allegations as a plea in bar by averring the legal effect of the judgment to have been different from that claimed for it in the answer. The only perceptible difference in the cases is that, in the former, Asa Guilford, then owner of the shares of stock, was plaintiff, while, in the present one, Jonas Guilford, who purchased from Asa in 1883, is plaintiff. The reply was insufficient to put the allegations of the answer in respect to the judgment in issue. It failed to deny them, nor did it state any facts from which it might appear that the judgment was not exactly as alleged. With this condition of the pleadings, no finding of fact as to the former judgment was necessary, for the defendant was entitled to judgment on the pleadings. The judgment in the prior action, wherein Asa Guilford—with whom this plaintiff is in privity—was plaintiff, and the respondent corporation defendant, was and is a complete bar to a recovery here. It was final and conclusive of every matter coming within the legitimate purview of the original action, both in respect of matters of claim and of defence. It directly decided a point that was material in the former action, and is in litigation in this. It bound the parties and those in privity with them, by way of estoppel. *Dixon* v. *Merritt*, 21 Minn. 196; *Harris* v. *Harris*, 36 Barb. 88. Hence, the merits of this controversy need no examination.

Order affirmed.

A motion by plaintiff for a reargument was denied July 3, 1890, at which time the following concurring opinion was filed:

MITCHELL, J. I think the lapse of time after the alleged loss of stock certificates without their being heard from may be so long as to amount to almost conclusive evidence that they are no longer in existence, and hence justify the court in compelling the corporation to issue new ones without any bond of indemnity.. Therefore, after a re-examination of this case upon the motion for reargument, I am not entirely clear that a judgment requiring the corporation to issue new certificates, upon condition that a bond of indemnity is first given, is a bar to a subsequent action to compel it to issue them without any indemnity. Hence I prefer to affirm on the ground that this case was rightly decided by the trial court on the merits; that the lapse of time is not yet so great as to exclude danger of the reappearance of the old certificates, and therefore that the defendant ought not to be compelled to issue new ones, in place of those alleged to have been lost by plaintiff's assignor, without its being fully indemnified. The stock being, according to the terms of the certificates, transferable on the books of the corporation only upon their surrender, its liability in case of their reappearance in the hands of a *bona fide* holder is a matter of serious moment, according to the drift of modern authorities, especially the federal courts and the courts of New York, where the defendant corporation is domiciled. *Bank* v. *Lanier,* 11 Wall. 369, 377; *Holbrook* v. *New Jersey Zinc Co.,* 57 N. Y. 616; Mor. Priv. Corp. § 188.