MARY B. SHIPP *v.* MARGARET B. McKEE ET AL.

1. INFANTS.  *Deeds.   Disaffirmances.   Time.   Bar of statute of limitation.*

   A grantor may disaffirm a deed executed by him during infancy within the time after he becomes an adult necessary under the statutes of limitations to bar an action for the recovery of the property, unless he has done something in the meantime to estop him from claiming it.

2. SAME.  *Life estate.  Remainder.*

   Where land was devised for life to a person, with remainder to an infant, and the infant executed a deed to his reversionary interest, he may, after becoming adult, disaffirm the deed within the time following the termination of the life estate necessary to bar an action by him for the recovery of the land had the deed not been made, unless he has done something in the meantime to estop him from claiming the title.

FROM the chancery court of, first district, Coahoma county. HON. A. McC. KIMBROUGH, Chancellor.

Miss Shipp, appellant, was complainant in the court below; Mrs. McKee and others, appellees, were defendants there. From a decree adverse to the complainant she appealed to the supreme court.   The facts are stated in the opinion of the court.

*George F. Maynard* and *Henry T. Helm,* for appellant.

The main question in this case is whether there was a life estate of John W. Shipp in this property.   On the existence of such life estate depends the right of the appellant to disaffirm her deed given while a minor, and to institute this suit for partition at the time the same was commenced, she claiming, as we shall be able to show, that the law gave her the full statutory time of ten years after the death of her father within which to make her claim to the property.

We are so confident of the existence of the life estate that we shall not make an elaborate presentation of the point, feeling assured that no ingenuity in argument can mislead the court in respect thereto. The muniments of title established the point in our client's favor.

It being clear that there was a life estate in this property held by John W. Shipp, or by the defendants, his grantees, until September 18, 1899, it is well settled in the law that the bar of the statute of limitation—and of all limitations, however long or short in their operation—did not begin to run against her claim until that date.

It may be stated as a rule generally, without exception, and of universal application, that the limitation statutes do not begin to operate against a remainderman until the falling in of the particular estate. *Higgins* v. *Crosby*, 40 Ill., 262; *Wallace* v. *Latham*, 52 Miss., 297; *Dyer* v. *Brannock*, 66 Mo., 391; *Noble* v. *McFarland*, 51 Ill., 226; *Morrison* v. *Norman*, 47 Ill., 477; *Lang* v. *Hitchcock*, 99 Ill., 552; *Dugan* v. *Follett*, 100 Ill., 561; *Orthwein* v. *Thomas*, 127 Ill., 554; *Mettler* v. *Miller*, 129 Ill., 630; *Beattie* v. *Whipple*, 154 Ill., 273; *Gibson* v. *Fayne*, 8 George, Miss., 164; *Harris* v. *Ross*, 86 Mo., 89; *Little* v. *Patterson*, 32 Mo., 357; *Carr* v. *Dings*, 54 Mo., 95; *Patterson* v. *Laik*, 24 Mo., 541; *Sims* v. *Bardoner*, 86 Ind., 87; *Sims* v. *Smith*, 86 Ind., 577; *Stringer* v. *Mutual Life Ins. Co.*, 82 Ind., 100; *Richardson* v. *Pate*, 93 Ind., 428; *Luntz* v. *Greve*, 102 Ind., 173; *McClannahan* v. *Williams*, 136 Ind., 37; *Tower* v. *Tower*, 141 Ind., 223; *Mercers, lessee,* v. *Selden*, 1 Howard, U. S., 53; *Robert* v. *Ellis*, *(Sou. Car.)*, Nov. 28, 1900. in S. E. Rep. for Dec. 25, 1900; *Sims* v. *Everhardt*, 102 U. S., 300; *Dewey* v. *McLean*, 7 Kan., 126; *Branson* v. *Thompson*, 81 Ky., 391; *Keller* v. *Stanley*, 86 Ky., 240; *May's Heirs* v. *Hill*, 5 Little, 313; *Gill* v. *Fantelroy*, 8 B. Monroe, 177; *Preston* v. *Evans*, 56 Md., 494; *Jones* v. *Freed*, 43 Ark., 358; *Watson* v. *Thompson*, 12 R. I., 472; *Beattie* v. *Wilkinson* (W.

Va.) 36 Fed. Rep., 649; *Adkins* v. *Spurlock,* 33 S. E., 121; *Matherson* v. *Davis,* 2 Cold. (Tenn.), 443.

It is held that no suit for partition or for account of rents can be brought by remainderman until termination of the particular estate. *Watson* v. *Thomson,* 12 R. I., 472; *Mercers, lessee,* v. *Selden,* 1 Howard, U. S., 53; *Robert* v. *Ellis Sou. Car.,* S. E. Rep., Dec. 25, 1900; *Tower* v. *Tower,* 144 Ind., 223; *Matherson* v. *Davis,* 2 Cold. (Tenn.), 443; *Richardson* v. *Pate,* 93 Ind., 428; *Jones v. Freed,* 43 Ark., 358; *Adkins* v. *Spurlock,* 33 S. E., 121; *Harris* v. *Ross,* 86 Mo., 89; Rewolfe's Estate, 15 Mont. L. Rep., 128.

The courts of the state of'Indiana seem to have been called upon to pass upon this class of questions more frequently than those of any other state, although none of the cases earlier than the eighty-second volume of their reports afford any reliable guide in determining the questions presented in this case.

After the supreme court of the United States, in *Sims* v. *Everhardt,* 102 U. S., 300, had been called upon to criticise and overrule a good part of the decision in *Scranton* v. *Stewart,* 52 Ind., 68, the courts of that state reached conclusions differing in great part from those of several earlier cases. *Stringer* v. *Insurance Co.,* 82 Ind., 100; *Sims* v. *Bardoner,* 86 Ind., 87; *Sims* v. *Smith,* 86 Ind., 577; *Richardson* v. *Pate,* 93 Ind., 423; *Luntz* v. *Greve,* 102 Ind., 173; *North* v. *James,* 61 Miss., 764.

The oft-repeated contention that the appellant having the right to file a bill for removal of the cloud of her minority deed from her prospective reversion is effectually disposed of by the above principles as applied in *Dodd* v. *Benthal,* 4 Heisk. (Tenn.), 601.

For disaffirmance of a deed given during minority, there being a pending life estate, the remainderman giving such deed, is entitled to the full period prescribed by the statute of limitations, after the termination of the particular estate.

The above is the general rule of the law when a different period is not fixed by statute, and no mere delay or silent ac-

quiescence unaccompanied by acts which would amount to a ratification of the deed given in minority is allowed to shorten the period.

The formula of expression usually employed by the courts follows that of *Peterson* v. *Laik,* 24 Mo., 541, when the court says: "The asquiescence of an infant after reaching full age for a period short of that which would secure a title by the statute of limitations does not destroy or take away the right which the law for wise purposes has conferred upon infants of disaffirming their deeds." *Wallace* v. *Latham,* 52 Miss., 297; *Allen* v. *Poole,* 54 Miss., 330; Tyler on Infancy, 67; *Ib.,* 84; *Harvey* v. *Briggs,* 68 Miss., 60.

*Frank Johnston* and *D. A. Scott,* for appellees.

Miss Shipp could have filed this bill at any time after com ing of age. *Fox* v. *Coon,* 64 Miss., 465.

A minor may disaffirm at any time after coming of age, but if we concede, 'which we by no means do, that he has the entire period allowed by the statute of limitations within which to make the disaffirmance; yet the question is what statute is to be looked to for ascertaining the period for disaffirmance.

Clearly the statute to be looked to is the one that governs the equitable remedy, within § 2696, code 1880, re-enacted in § 2753, code 1892, which applies to all bills not otherwise provided for. Miss Shipp became of age in the early part of 1888, and then her right of disaffirmance began. It is obvious that she could have no longer time for disaffirmance than the time allowed by this statute for filing a bill to vacate her deed.

We respectfully submit that the American doctrine is that a minor must disaffirm an executed contract in a reasonable time after reaching majority. This was decided in *Thompson* v. *Strickland,* 52 Miss., 574.

In *Wallace* v. *Latham,* 52 Miss., 297, it appears from the brief of counsel that the minor came of age in 1869 and that

the suit was begun three years afterwards. The question, therefore, whether the minor had the full time of the period of limitations to disaffirm was not necessarily involved in the case.

In *Thompson* v. *Strickland,* 52 Miss., 574, the principle was regarded as settled in *Scott* v. *Freeland,* 7 Smed. & M., 419.

In *Long* v. *Williams,* 74 Ind., 113, the court expressly held that the fact that the widow had a life estate and a minor heir held the remainder in fee, did not excuse the minor from disaffirming his deed within a reasonable time after reaching majority.

There is a clear distinction between the doctrine of the disaffirmance of contracts, by minors, within a reasonable time, and the rule that an action at law cannot be brought by a remainderman during the existence of a life estate.

One is a right in *pais,* while the other pertains alone to the remedy at law. The two have no connection, and any decision that holds that the right of disaffirmance extends throughout the period for bringing an action at law confuses the two doctrines.

The appellant waited, without notice of dissent, for twelve years after attaining her majority, and after this long lapse of time files this bill, which could have been filed at any time since 1888.

Argued orally by *H. T. Helm,* for appellant.

TERRAL, J., delivered the opinion of the court.

By the last will and testament of Cynthia R. Shipp, she devised the lands in controversy to John W. Shipp for his life, and the remainder in fee to Mary B. Shipp and others; one-sixth interest therein being devised to Mary B. Shipp. John W. Shipp, the life tenant, deceased on the 18th day of September, 1899; and soon thereafter Mary B. Shipp brought her bill for partition against Mrs. Margaret B. McKee, her cotenant, and McGrath, who claimed a lien upon said land under

a trust deed thereon made by Mrs. McKee. In 1885, while Mary B. Shipp was a minor about 18 years of age, she executed, jointly with John W. Shipp, the life tenant, and with co-tenants in remainder, a conveyance of said properties (being about 1,336 acres of land) to Toof, McGowan & Co., under whom Mrs. Margaret B. McKee claims title. This bill is by Miss Shipp to have her one-sixth interest in said property allotted to her, and for the recovery of her share of the profits of said property since the 18th of September, 1899. Her bill being dismissed, she appealed.

It is said that appellant is barred of any remedy because she could and should, upon coming to the age of 21 years, have filed her bill to remove the cloud from her title created by the execution of the deed made by her while under said age. Under the authority of *Fox* v. *Coon,* 64 Miss., 465 (1 So., 629), such suit would lie, yet the appellant is in no legal default by failing to bring such suit. In *Wallace* v. *Latham,* 52 Miss., 297, it is said: "It is well settled that the infant who makes a deed conveying realty during infancy has until such time as will complete the bar of the statute of limitation, after the removal of disability, to disaffirm the deed, and that bare recognition or silent acquiescence will not be regarded as confirmation of the sale, unless prolonged for the period required to make the statute of limitations a bar, or under circumstances requiring the party to decide and act as to confirmation or disaffirmance." In *French* v. *McAndrew,* 61 Miss., 192, it is said: "The effect of the disaffirmance by her [a minor] is to render the conveyance void *ab initio* by relation, and to entitle her to charge the purchaser for rents during the whole time that he occupied the property, claiming under her deeds. But the defendant by the conveyance acquired the title of Mrs. Hubbard, who was a co-tenant of complainant, and thus became co-tenant with her, and his liabilities and rights are therefore to be tested by the rules governing co-tenants." And so in the case here Mrs. Margaret B. McKee has acquired the rights of the other

co-tenants in remainder with Mary B. Shipp, and is a co-tenant with her in said property; Mary B. Shipp being entitled to a one-sixth interest in said lands and Mrs. McKee to the other five-sixths interest therein. In *Hoskins* v. *Ames,* 78 Miss., 986 (29 So., 828), where the appellants were remainder-men under the will of Edmund Hatch, and the life tenant, under a decree of the vice chancery court, had conveyed the property in fee to Welborn, under whom appellees there claimed, the appellants were held not barred of remedy, although the appellees had been in possession more than forty years, and the appellants had reached majority, and had suffered more than thirty years to pass without making complaint. It was held that the remaindermen were not required to make any move until their right of possession came into existence. Under our statute, a tenant in remainder cannot bring suit for partition, nor would ejectment lie until his right of possession accrued.

*Reversed and remanded.*

After the delivery of the foregoing opinion the counsel for appellees filed an elaborate suggestion of error, to which response was made as follows:

WHITFIELD, C. J., delivered the opinion of the court in response to the suggestion of error.

Owing to the great regard we have for any views seriously urged by the learned counsel for appellee, we will make response to the suggestion of error filed in this case. The distinction between disaffirming a contract by a minor and bringing an action at law by a remainderman during the existence of a life estate is, of course, clear; but learned counsel is mistaken in asserting that the American doctrine is that the minor must, in all cases, disaffirm the executed contract in a reasonable time after reaching majority, though that reasonable time be short of the period which would bar the action under the

statute of limitations. He relies chiefly on the case of *Long* v. *Williams,* 74 Ind., 119, but that case merely reannounces the doctrine of *Law* v. *Long,* 41 Ind., 586, and *Scranton* v. *Stewart,* 52 Ind., 68, and all three of these cases are impliedly, if not expressly, overruled by *Sims* v. *Bardoner,* 86 Ind., 94 (44 Am. Rep., 263); and they are also clearly in conflict with the doctrine announced by the supreme court of the United States in *Sims* v. *Everhart,* 102 U. S., 300 (26 L. Ed., 87). All this will clearly appear if learned counsel will carefully examine the note to *Sims* v. *Bardoner,* re-reported in 44 Am. Rep., 273. In that note the learned editor says, at page 273: "It is true that the decisions respecting the disaffirmance of an infant's deed are not in entire harmony with each other. While it is generally agreed that the infant, to avoid it, must disaffirm it within a reasonable time after his majority is attained, they differ as to what constitutes disaffirmance, and as to the effect of mere silence. Where there is nothing more than silence, many cases hold that an infant's deed may be avoided at any time after his reaching majority until he is barred by the statute of limitations, and that silent acquiescence for any period less than the period of limitation is not a bar. Such was, in effect, the ruling in *Irvine* v. *Irvine,* 9 Wall., 627 (19 L. Ed., 800). See, also, *Prout* v. *Wiley,* 28 Mich., 164, a well-considered case, and *Drake's Lessee* v. *Ramsey,* 5 Ohio, 251. But, on the other hand, there appears to be a greater number of cases which hold that silence during a much less period of time will be held to be a confirmation of the voidable deed. But these cases either rely upon *Holmes* v. *Blogg,* 8 Taunt., 508 (which was not a case of an infant's deed), or subsequent cases decided on its authority, or they are rested in part upon other circumstances than mere silent acquiescence, such as standing by without speaking while the grantee has made valuable improvements, or making use of the consideration for the deed. The preponderance of authority is that in deeds executed by infants mere inertness or silence, continued for a period less

than that prescribed by the statute of limitations, unless accompanied by affirmative acts manifesting an intention to assent to the conveyance, will not bar the infant's right to avoid the deed; and those confirmatory acts must be voluntary." It is thus clearly shown that the true doctrine is, and that the preponderance of authority is, that in deeds executed by infants mere silence continued for a period less than that prescribed by the statute of limitations, unless accompanied by conduct that would estop, will not bar an infant's right to avoid the deed. It may be true that a majority of cases carelessly state the case as counsel puts it; but, as shown in the quotation above, these cases relied upon *Holmes* v. *Blogg*—a wholly false basis, since it was not the case of an infant's deed at all—or depend upon conduct upon the part of the infant which would work an estoppel on him. In this case there is no evidence whatever to show anything on the part of this minor beyond mere silence. She was almost the whole of the time out of the state, having done nothing affirmatively, having not bound herself by any positive conduct which would work an estoppel. She had the full time fixed by the statute of limitations after majority within which to disaffirm. This is well settled in our state by *Wallace* v. *Latham,* 52 Miss., 291; *Brantly* v. *Wolf,* 60 Miss., 420; *Allen* v. *Poole,* 54 Miss., 323.

Learned counsel is also mistaken in saying that there is no evidence showing that Busby was trustee. The recitals in the instruments of record show this with sufficient clearness and distinctness.

*Overruled.*