TORRES ET AL., DEMANDANTES Y APELADOS, *v.* SUCESIÓN ROSALY,
DEMANDADA Y APELANTE.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre autorización judicial para transigir.

No. 1960.—Resuelto en mayo 8, 1920.

NULIDAD DE SENTENCIA—TRANSACCIÓN—NOTIFICACIÓN.—Una sentencia por la cual se aprueba una transacción no puede ser dejada sin efecto en cuanto a determinadas partes transigentes sin oirlas a todas y con mayor razón cuando las

partes estipularon que la transacción no sería eficaz si dejaba de surtir efecto respecto de cualquiera de ellas y cuando dicha transacción se consignó además en escritura pública, cuya circunstancia impide dar aplicación al artículo 140 del Código de Enjuiciamiento Civil que se aplica a sentencias órdenes o procedimientos.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. J. y A. Poventud.*

Abogados de los apelados: *Sres. Tord* y *Zayas Pizarro, J. F. Fernández, J. Tous Soto* y *Fiscal del Distrito.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Manuel Rosaly Castillo falleció en Barcelona, España, en 1917, bajo testamento ológrafo otorgado en Ponce a 12 de julio de 1908, que fué declarado auténtico por resolución de aquella corte de distrito.

En dicho testamento declaró el testador que por escritura de 13 de agosto de 1880 había reconocido como hijos naturales suyos a Eulalio y Claudia procreados durante relaciones amorosas con Dionisia Vázquez y era su voluntad legitimarlos como los legitimaba para que fueran tenidos y considerados como sus hijos legítimos, instituyéndolos por sus únicos y universales herederos, a cuya legitimación prestaron su consentimiento los expresados Claudia y Eulalio Rosaly Vázquez.

Antes de morir Manuel Rosaly Castillo, habían sido declarados hijos naturales suyos reconocidos Manuela y Marta Rosaly, y muerto ya se iniciaron dos pleitos contra la sucesión del mismo, uno por Ramona Torres en representación de sus menores hijos Lucas y Crescencia Torres, y el otro por Pastor Garriga como tutor legítimo de Francisco y Andrea Garriga, ambos pleitos sobre filiación y petición de herencia, en los cuales la sucesión demandada propuso transacción en cuanto a la acción de petición de herencia.

En la oferta o proposición de transacción hecha en el primero de dichos pleitos a los menores Lucas y Crescencia Torres, la Sucesión de Manuel Rosaly Castillo, compuesta de su viuda Matilde Ríos Ovalle y sus hijos Eulalio y Claudia

Rosaly Vázquez, expresan que consienten en que se dicte sentencia a favor de los menores Torres demandantes, por la suma de $2,725 para cada uno de dichos menores, o sea por un total de $5,450 para ambos; que esa suma sería satisfecha por los demandados en bienes de la herencia de Manuel Rosaly y Castillo, dando en pago un solar y casa en el barrio 2º. de la ciudad de Ponce, con valor de $1,800, otro solar con casa de madera en el mismo barrio 2º. de la ciudad de Ponce, con valor de $1,000, un trozo de terreno radicado en el barrio del "Anón", del término municipal de Ponce, con cabida de 12 cuerdas más o menos y valor de $500, y finalmente $2,150 en dinero efectivo, quedando así completado el total de $5,450; y que como según tenían entendido, los menores demandantes se habían obligado a satisfacer a su abogado don Eduardo Flores Colón por todos sus servicios en el pleito indicado la suma de $1,700, hacían constar que si así les convenía y lo aceptaban los demandantes estarían dispuestos a pagar directamente a dicho abogado la expresada cantidad, rebajándola del dinero efectivo de $2,150 que quedarían por tanto reducidos a $450, reservándose los demandados el derecho de satisfacer los $1,700 al abogado, $500 en efectivo y $1,200 en un condominio o participación indivisa en una finca rústica perteneciente a la herencia de Manuel Rosaly Castillo, como de 26 cuerdas más o menos, sita en el barrio "Portugués" del término municipal de Ponce.

En el otro pleito de los menores Francisco y Andrea Garriga contra la Sucesión de Manuel Rosaly Castillo, sobre filiación y petición de herencia, la parte demandada en su escrito proponiendo transacción respecto a la acción de petición de herencia expresa que consiente en que se dicte sentencia a favor de los menores demandantes por la suma de $2,000, o sea $1,000 para cada uno de dichos menores, cuya suma había de ser satisfecha en dinero efectivo; que como según tienen entendido los demandados, la parte demandante se ha obligado a satisfacer a su abogado Leopoldo

Tormes por todos sus servicios en el caso indicado la suma de $1,000, hacen constar que si así lo conviniere y lo aceptare la parte demandante estarían dispuestos a pagar directamente a dicho abogado los referidos $1,000 de honorarios rebajándolos de la partida de $2,000 que quedaría reducida a $1,000, reservándose los demandados el derecho a satisfacer los $1,000, $300 en dinero y $700 mediante el traspaso o adjudicación por ese valor a dicho abogado de un solar con casa que radica en la ciudad de Ponce, con frente a la calle de la Victoria.

En ambas ofertas de transacción tanto a los menores Torres como a los menores Garriga se hacía constar que el pago y adjudicación se efectuarían dentro de los cuarenta días siguientes a la fecha de la sentencia que en cualquier sentido recayera acerca de la filiación o reconocimiento de los menores demandantes; y que la oferta de transacción y su aceptación en su caso no surtirían efecto alguno hasta que no se obtuviera la debida autorización judicial, ni sería eficaz si por cualquier motivo no llegara a surtir efecto cualquiera de las transacciones propuestas en los dos pleitos de que se deja hecho mérito, así como las transacciones propuestas a Manuela y Marta Ruiz o Rosaly.

Ambas ofertas de transacción fueron aceptadas por las representaciones de los cuatro menores indicados, o sean Lucas y Crescencia Torres y Francisco y Andrea Garriga, estableciendo la representación de los menores Torres como condición que el pago de los $1,700 que tienen convenido satisfacer a su abogado Eduardo Flores Colón se verifique directamente en la forma indicada en la transacción por lo que sólo habrá de entregarse a los menores demandantes en dinero efectivo la suma de $450, y la representación de los menores Garriga que el pago de los $1,000 por servicios de su abogado Leopoldo Tormes se verifique directamente a éste por los demandados por lo que sólo percibirán dichos menores por todo su haber la suma de $1,000.

Para llevar a efecto las transacciones de que se deja

hecho mérito, Lucas y Crescencia Torres, representados por
su madre Ramona Torres, Francisco y Andrea Garriga re-
presentados por su tutor legítimo Pastor Garriga y por su
defensor *ad litem* Francisco Parra Capó, y Marta Rosaly
representada por su madre natural Jacinta Rivera, conocida
por Jacinta Ruiz, acudieron a la Corte de Distrito de Ponce
solicitando la autorización necesaria, y en ese escrito ex-
ponen: 1, que la sucesión legítima de Manuel Rosaly Cas-
tillo se compone de su viuda Matilde Ríos Ovalle y de sus
hijos legítimos, por legitimación testamentaria, llamados Ela-
dio y Claudia Rosaly Vázquez, según resulta del testamento
ológrafo de dicho causante debidamente identificado; 2, que
los bienes, derechos y acciones dejados por Manuel Rosaly
Castillo, después de una minuciosa investigación practicada
por los promoventes y sus abogados, podría arrojar un lí-
quido partible de unos $51,600 más o menos, de cuya tercera
parte de libre disposición habría de sacarse la porción o
participación correspondiente a las hijas naturales recono-
cidas Manuela y Marta Rosaly, esta última menor de edad,
y la porción que de prosperar sus demandas de filiación y
petición de herencia podría corresponder a los menores Lu-
cas y Crescencia Torres y Francisco y Andrea Garriga; 3,
que los bienes de la herencia de Manuel Rosaly Castillo ra-
dican dentro del distrito judicial de Ponce; 4, que los me-
nores Lucas y Crescencia Torres, de 17 y 13 años de edad
respectivamente, por medio de su madre natural Ramona
Torres, y Francisco y Andrea Garriga, de 10 y 12 años de
edad respectivamente, por conducto de su defensor *ad litem*
Francisco Parra Capó, entablaron por medio de sus respec-
tivos abogados demandas ante la Corte de Distrito de Ponce
contra la Sucesión de Manuel Rosaly Castillo sobre filia-
ción y reconocimiento de los mismos y sobre reclamación o
petición de herencia, alegando por razón de la última acción
tener derecho a participar en la herencia de Rosaly Castillo
como hijos naturales del mismo; 5, que la menor Marta
Rosaly es hija natural reconocida así como su hermana ma-

yor de edad Manuela Rosaly, de don Manuel Rosaly Cas-
tillo, según sentencia dictada por la Corte de Distrito de
Ponce en vida de Rosaly Castillo; 6, que la Sucesión legí-
tima de Manuel Rosaly Castillo tiene contestadas las causas
de acción por filiación en ambos pleitos, negando los hechos
de las mismas y que en cuanto a las causas de acción sobre
petición de herencia propuso dicha sucesión en cada uno
de los pleitos referidos, transacción que fué aceptada por
los menores demandantes; 7, que también la Sucesión de
Manuel Rosaly Castillo tiene concertada una transacción con
la representación legal de la menor Marta Rosaly y con la
hermana de ésta mayor de edad llamada Manuela Rosaly,
en virtud de la cual consiente en entregar a dichas Manuela
y Marta Rosaly la suma de $3,675 para cada una de ellas,
o sea en total la suma de $7,350 para ambas en pago de todos
cuantos derechos sucesorios y hereditarios puedan corres-
ponderles en la herencia de su causante, cuyas cantidades
serán pagadas a Manuela Rosaly con la suma de $500 que
en vida de Rosaly Castillo le fué entregada como anticipo
colacionable, con un solar y casa en el barrio 2°. de la ciu-
dad de Ponce, frente a la calle de la Guadalupe, No. 48 de
gobierno, cuya finca tiene un valor de $1,200, y con $1,975
en dinero efectivo, total $3,675, y en cuanto a la menor Marta
Rosaly con la suma de $300 que en vida de Rosaly Castillo
le fué entregada como anticipo colacionable, con un trozo
de terreno radicado en el barrio "Anón" del término mu-
nicipal de Ponce, con cabida de 14 cuerdas y valor de $1,200,
con otro trozo de terreno radicado en el mismo barrio de
"Anón", sitio de los Chinos, con cabida de 10 cuerdas y
valor de $500, y con $1,675 en dinero efectivo, total $3,675;
y que como Manuela Rosaly y Jacinta Rivera o Ruiz a nom-
bre de su menor hija reconocida Marta Rosaly, adeudaban
a su abogado Eduardo Flores Colón por todos sus servicios
profesionales prestados, la primera, la suma de $1,800 y la
segunda $1,500; han propuesto a la sucesión legítima de don
Manuel Rosaly, la que ha aceptado, que los expresados ho-

norarios sean pagados directamente a dicho abogado por la Sucesión Rosaly, rebajándose las expresadas sumas de las cantidades que han de ser satisfechas a Manuela y Marta Rosaly, reservándose la Sucesión Rosaly pagar al abogado Eduardo Flores Colón por cuenta de las indicadas Manuela y Marta Rosaly sus honorarios mediante adjudicación a dicho abogado de un condominio por esas cantidades en una finca rústica perteneciente a la herencia de Manuel Rosaly Castillo, como de 26 cuerdas, radicada en el barrio "Portugués" del término municipal de Ponce, valorada en $4,500; que además fué convenido que la entrega y adjudicación estipuladas se efectuarían así como el pago al abogado Eduardo Flores Colón, dentro de los cuarenta días siguientes a la fecha en que quedara judicialmente aprobada la transacción en cuanto a la menor Marta Rosaly y a la fecha en que sean también aprobadas judicialmente mediante la autorización judicial correspondiente, y sean eficaces las demás transacciones propuestas a los menores Francisco y Andrea Garriga y Lucas y Crescencia Torres, sin que la transacción surtiera efecto hasta que se obtenga por la representación legal de la menor Marta Rosaly la aprobación judicial ni fuera tampoco eficaz si por cualquier motivo no llegara a surtir efecto cualquiera de las transacciones propuestas en los pleitos entablados ante la Corte de Distrito de Ponce por los menores Francisco y Andrea Garriga y Lucas y Crescencia Torres contra la Sucesión de Manuel Rosaly.

Alegan además los peticionarios, después de explicar la razón por la cual la suma ofrecida a los menores Francisco y Andrea Garriga es menor que la ofrecida a los menores Lucas y Crescencia Torres y la ofrecida a éstos menor que la ofrecida a Manuela y Marta Rosaly, que las transacciones propuestas y aceptadas son útiles y necesarias para los menores Francisco y Andrea Garriga y Lucas y Crescencia Torres porque en el caso de no prosperar sus demandas por cualquier circunstancia como deficiencia de la prueba u otra semejante, no percibirían un solo centavo de la herencia de

su pretendido padre natural al par que mediante las transacciones asegura cada uno la cantidad que se le ofrece, aun en el caso de que el resultado del juicio por filiación les fuera adverso; que además las transacciones son útiles y convenientes a los referidos menores Torres y Garriga, para evitar gastos cuantiosos y dilaciones perjudiciales con los pleitos pendientes, y por poner término inmediatamente a dichos pleitos en cuanto a las acciones de petición de herencia y evitar pleitos ulteriores y diferencias en cuanto a la administración del caudal hereditario, tasación del mismo y división entre los herederos; que la transacción en cuanto a la menor Marta Rosaly le es útil, necesaria y conveniente en razón a que hace algunos meses que viene, en unión de su hermana mayor de edad Manuela Rosaly, ambas por medio de su abogado Eduardo Flores Colón, discutiendo con la sucesión legítima de Manuel Rosaly Castillo respecto de la cuantía o porción que en la herencia de Manuel Rosaly Castillo pueda corresponderles, sin que hayan podido lograr ponerse de acuerdo entre otras razones por existir los pleitos contra dicha sucesión entablados por los menores Torres y Garriga, siendo especialmente útil y necesaria esa transacción para la menor Marta Rosaly por haber duda sobre si la porción legitimaria de los hijos naturales debe computarse bajo la base de la mitad de la que corresponda a los hijos legítimos en la legítima corta o larga, por evitarse con la transacción pleitos con dicha sucesión legítima de Manuel Rosaly en relación con la tasación definitiva del caudal relicto, con los derechos usufructuarios de la viuda doña Matilde Ríos, y con la porción de los bienes que puedan a ésta corresponder por su mitad de gananciales.

La Corte de Distrito de Ponce, después de practicadas las pruebas propuestas y oído su Fiscal, quien lejos de hacer oposición a las transacciones las estimó procedentes, dictó sentencia en 24 de julio de 1917 que en su parte dispositiva dice así:

"Por tanto, la corte, declarando con lugar la petición sobre autórización judicial para transigir presentada por los peticionarios en este caso, concede y otorga dicha autorización judicial para transigir solicitada por los promoventes, por razones de utilidad y necesidad, y en su consecuencia, aprueba y confirma en todas sus partes las mencionadas transacciones   *   *   *   aceptadas y concertadas en los pleitos pendientes ante esta corte entre los menores Lucas y Crescencia Torres representados por su madre natural reconocida Ramona Torres, contra la sucesión de don Manuel Rosaly y Castillo, y entre los menores Francisco y Andrea Garriga, representados por su defensor *ad litem* Francisco Parra Capó y su tutor legítimo Pastor Garriga Torres, contra la misma sucesión de don Manuel Rosaly, ambos sobre filiación y petición de herencia, y solamente en cuanto a las causas de acción sobre petición de herencia, y en los términos que contienen dichas respectivas transacciones y aceptaciones de las mismas,   *   *.   *   aprobando y confirmando la corte igualmente la transacción celebrada por y entre la referida sucesión legítima de don Manuel Rosaly y Castillo con la menor Marta Rosaly, representada ésta por su madre natural reconocida Jacinta Rivera, conocida por Jacinta Ruiz y en los términos que contiene la referida transacción,   *   *   *  ; *Disponiéndose* que el dinero que han de obtener dichos cinco menores interesados, como consecuencia de tales transacciones, sea pagado por la sucesión Rosaly, o quien su derecho represente, en la secretaría de esta Corte, donde quedará para ser invertido bajo las instrucciones y órdenes del tribunal, con intervención del fiscal del distrito, excepto en cuanto a las cantidades que dicha sucesión Rosaly debe pagar directamente a los abogados de dichos menores señores Eduardo Flores Colón y Leopoldo Tormes, según las referidas transacciones, cuyas sumas podrán pagarse, en los términos pactados, directamente a dichos abogados, deduciéndose tales cantidades del efectivo ofrecido a los referidos cinco menores, debiendo solo consignarse en la secretaría de la corte el efectivo en dinero sobrante para dichos menores, según en las transacciones se expresa, y respecto de los demás bienes serán puestos dichos menores, por medio de sus representaciones legales, en posesión de los mismos, en los términos y fechas convenidos en las referidas transacciones."

En 27 de julio de 1917 la corte de distrito dictó sentencia en el pleito seguido por los menores Lucas y Crescencia Torres contra la sucesión de Rosaly y Castillo declarando

con lugar la demanda en cuanto a la acción de filiación y ordenando en cuanto a la acción sobre petición de herencia se estuviera a lo pactado en la transacción celebrada y aprobada por resolución de 24 de julio de 1917.

Eulalio Rosaly consignó en la secretaría de la corte con fecha 28 de julio de 1917 por la sucesión legítima de Rosaly y Castillo un cheque contra el Crédito y Ahorro Ponceño por $1,625 para el cumplimiento de las transacciones en cuanto a los menores en ellas interesados, debiendo destinarse de la expresada suma la cantidad de mil dólares para los menores Garriga, $450 para los menores Lucas y Crescencia Torres y $175 para la menor Marta Rosaly.

En virtud de la sentencia que dictó la Corte de Distrito de Ponce en 24 de julio de 1917, fué otorgada·escritura pública en 28 del propio julio para formalizar las transacciones autorizadas. En esa escritura comparecen como otorgantes doña Matilde Ríos Ovalle viuda de Manuel Rosaly y Castillo, Eulalio Rosaly y Vázquez y Claudia de los mismos apellidos por derecho propio y como constituyentes de la sucesión legítima de Manuel Rosaly y Castillo, la primera en concepto de cónyuge supérstite y los dos últimos en concepto de hijos legítimos de Rosaly y Castillo por virtud de legitimación testamentaria, Manuela Rosaly por propio derecho, Pastor Garriga y Torres como tutor legítimo de los menores Francisco y Andrea Garriga; Ramona Torres en representación de sus menores hijos naturales reconocidos Lucas y Crescencia Torres; y Jacinta Rivera conocida por Jacinta Ruiz, en representación de su menor hija natural reconocida llamada Marta Rosaly; se inserta íntegramente en el documento la sentencia de la Corte de Distrito de Ponce de 24 de julio de 1917; se traspasan y adjudican a los menores Lucas y Crescencia Torres, a la mayor de edad Manuela Rosaly y a la menor Marta Rosaly las mismas fincas que habían de recibir respectivamente en pago de sus haberes hereditarios según las transacciones convenidas; se da en pago de su haber hereditario a los menores Garriga

la suma de mil dólares que ya estaba depositada en la secretaría de la corte; el abogado Leopoldo Tormes confesó tener recibidos $300 en pago parcial de los honorarios que le adeudan los menores Garriga y para el pago de los setecientos dólares restantes se le adjudica un solar radicado en la calle de la Victoria de Ponce, con la casa de madera en él edificada y al abogado Flores Colón en pago de la suma de cinco mil dólares de honorarios por servicios profesionales prestados a los menores Torres y a Manuela y Marta Rosaly se le entregaron quinientos dólares y el resto de $4,500 le fué satisfecho mediante adjudicación de una finca de la Sucesión Rosaly que se describe en dicha escritura.

La escritura de cumplimiento de transacciones fué presentada a la corte de Ponce para su aprobación y la corte dictó resolución en 30 de julio de 1917 aprobándola en todas sus partes por encontrarla en todo correcta y ajustada a las transacciones hechas.

A virtud de moción de Ramona Torres en representación de sus menores hijos Lucas y Crescencia Torres, en escrito de julio 30 de 1917, la corte por orden de la misma fecha ordenó al secretario que de la cantidad en él depositada fuera entregada a la peticionaria la suma de $450 que correspondía a sus menores hijos para atender al pago de alimentos de los mismos y para gastos de pintura y reparación de las casas.

También a moción de Jacinta Ruiz en representación de su hija Marta Rosaly, de agosto 13, 1917, la corte por orden de 15 del propio agosto ordenó le fueran entregados a la peticionaria los $175 que estaban consignados en secretaría a favor de dicha menor, para necesidades de las dos fincas rústicas que le fueron adjudicadas.

En noviembre de 1917 Ramona Torres, a nombre y en representación de sus hijos los menores Lucas y Crescencia Torres, Manuela Rosaly y Jacinta Ruiz a nombre de su menor hija natural Marta Rosaly, por medio de sus abogados López de Tord & Zayas Pizarro y J. F. Fernández, presen-

taron moción a la corte con súplica de que de acuerdo con lo que establece el artículo 140 del Código Civil y en bien de la justicia se deje sin efecto en cuanto a los comparecientes la sentencia aprobando las transacciones que en ellas se expresan, a cuyo fin alegan: que los bienes inmuebles adjudicados a los comparecientes tienen un valor en realidad muy inferior al que se fijó en la tasación, y por el que fueron aceptados, habiendo por tanto los comparecientes sufrido lesión de importancia en sus intereses; que Eulalio y Claudia Rosaly celebraron el contrato de transacción ostentando el carácter de hijos legitimados del causante Manuel Rosaly Castillo y por tales los tenían los comparecientes hasta que recientemente y por personas que les merecen entero crédito han sido informados y creen que los referidos Eulalio y Claudia Rosaly son hijos naturales reconocidos de Manuel Rosaly Castillo, sin mejor derecho a la herencia de Rosaly Castillo que los comparecientes que son también hijos naturales reconocidos de Rosaly Castillo; que están dispuestos a devolver todos los bienes que han recibido con motivo de la transacción; y que últimamente han sido informados y firmemente creen que el importe del caudal de Manuel Rosaly Castillo es mucho mayor al de $50,000 que se le fijó pues se han tasado algunos de los bienes que lo constituyen por menos de la mitad de su verdadero valor.

A la anterior moción se opuso la Sucesión Rosaly Castilló, negando los hechos fundamentales de la misma y alegando que Eulalio y Claudia Rosaly no son solamente hijos naturales reconocidos de Manuel Rosaly Castillo pues fueron debidamente legitimados por él en su testamento ológrafo; que las fincas adjudicadas a los peticionarios en las transacciones hechas tenían el valor que en las mismas les fué fijado por los interesados de común acuerdo; que los peticionarios Manuela y Marta Rosaly y Lucas y Crescencia Torres debidamente representados y autorizados judicialmente obtuvieron de la Sucesión Rosaly Castillo el pago de $5,000 para su abogado Eduardo Flores Colón en concepto

de honorarios, habiéndose adjudicado a Flores Colón una finca rústica por $4,500 y entregádosele $500 en dinero efectivo según consta en la escritura de cumplimiento de transacciones de julio 28, 1917, cuya finca rústica había vendido Flores Colón a Mario Mercado, el cual no está dispuesto a devolverla, y que el caudal relicto por Rosaly Castillo representaba en la fecha de las transacciones la suma aproximada de $51,000, deducidas las bajas, según así se hizo constar en la referida escritura.

Alegan los opositores entre otros motivos adicionales de su oposición: que en el procedimiento seguido por los peticionarios hay defecto de partes opositoras por no haberse notificado la moción a Eduardo Flores Colón, Mario Mercado, Leopoldo Tormes, ni a otras personas que han adquirido derechos al amparo de la sentencia impugnada por los promoventes, y que la expresada moción no expone hechos bastantes para determinar el pretendido derecho que se intenta ejercitar.

Vista la moción en el día señalado al efecto y practicadas las pruebas testifical, documental y pericial que fueron propuestas, el fiscal opinó que procedía declararla con lugar, y la corte dictó resolución en 31 de julio de 1918, por la cual "declara con lugar la moción y en su consecuencia deja sin efecto, en cuanto a Lucas y Crescencia Rosaly, Manuela Rosaly y Jacinta Ruiz, ésta a nombre de su hija natural Marta Rosaly, la sentencia referida de 24 de julio de 1917 * * * por la cual se aprobó la transacción * * * sin especial condena de costas." Esa resolución ha sido apelada para ante esta Corte Suprema por la representación de Eulalio y Claudia Rosaly Vázquez.

Varios son los errores alegados por los apelantes para sostener el recurso, unos por defectos de forma con infracción de las reglas de procedimiento y otros atinentes a los méritos del caso, señalándose entre los primeros la falta de partes opositoras por no haberse notificado la moción sobre

nulidad de la sentencia dictada en 24 de julio de 1917 a todos los interesados en ella.

En las transacciones aprobadas por dicha sentencia, además de la Sucesión de Rosaly Castillo estaban interesados no solamente los menores Lucas y Crescencia Torres, la mayor Manuela Rosaly y la menor Marta del mismo apellido, únicos que solicitaron en .su moción de noviembre de 1917 se dejara sin efecto en cuanto a ellos la expresada sentencia, sino también los menores Francisco y Andrea Garriga y los abogados Eduardo Flores Colón y Leopoldo Tormes, habiéndose estipulado que no serían eficaces si por cualquier motivo no llegaban a surtir efecto respecto de cualquiera de las partes transigentes. Tal estipulación daba a las transacciones el carácter de un solo todo con partes de tal modo unidas entre sí que no podía destruirse ni anularse una parte sin afectar al todo y por tanto, sea cual fuere el procedimiento que se siguiera para anular la sentencia de 24 de julio de 1917 aprobatoria de las transacciones, tenían que ser oidos en él además de la Sucesión Rosaly que realmente lo fué, los menores Garriga y los abogados Flores Colón y Tormes, los cuales no fueron oidos. Por falta de partes interesadas no se siguió el procedimiento debido en ley para decretar la nulidad solicitada y en su virtud la resolución apelada adolece de un vicio sustancial que la invalida. Véase *Vázquez v. Santalís et al.,* 26 D. P. R. 677.

Además las transacciones fueron consignadas en escritura pública otorgada en 28 de julio de 1917 y la nulidad decretada por la resolución apelada tenía que afectar necesariamente a dicha escritura; de modo que al tratar los promoventes por medio de su moción de noviembre de 1917 de que se les eximiera de los efectos de la sentencia de 24 de julio del mismo año implícitamente pretendían que se les eximiera de los efectos de la escritura pública de 28 de julio en que fueron formalizadas las transacciones. Y esa pretensión no era viable dentro de la letra y espíritu del artículo 140 del Código de Enjuiciamiento Civil invocado por

los apelados, por cuanto una escritura no puede considerarse como la sentencia, orden o procedimiento a que se refiere el expresado artículo.

Sosteniéndose como se sostiene el recurso por las razones expuestas, huelga discutir los demás errores alegados tanto de forma como de fondo.

Pero si consideramos los méritos del caso parécenos que los motivos invocados por los apelados para que se les exima de los efectos de la sentencia de 24 de julio de 1917 no abonan su pretensión. No consta que haya habido fraude, dolo o mala fé por parte de la Sucesión de Rosaly Castillo. Fué alegado error sufrido en el valor dado a los bienes adjudicados mediante la transacción y en la cuantía de la herencia de Rosaly Castillo, y también se alegó error consistente en haber tratado los apelados con hijos legitimados por Rosaly Castillo en su testamento ológrafo que no podían ser tenidos como tales hijos legitimados sino como naturales reconocidos. El primer error es de hecho, y prescindiendo de si podría dar lugar a la rescisión de las transacciones, debe tenerse en cuenta que la manifestación sobre el valor de la propiedad es generalmente cuestión de opinión, presumiéndose que así lo entienden ambas partes en la transacción, y que "una transacción familiar para disponer de bienes inmuebles llevada a efecto para evitar litigios no debe ser declarada nula simplemente por la desproporción que haya entre el valor de los terrenos que recibe una de las partes en dicha transacción y el de aquellos que esa parte legalmente tenía derecho a recobrar." Nota al caso de *Gratz's Executors et al.* v. *Cohen et al.*, 52 U. S. 1.

El otro error concerniente al carácter de hijos legitimados que ostentaban en las transacciones Eulalio y Claudia Rosaly a virtud del testamento ológrafo de Rosaly Castillo, no es de hecho sino de derecho pues no se ha negado que tal legitimación se hizo y sólo se impugna su eficacia legal. Dudamos que tal error de derecho pueda invocarse con éxito para anular las transacciones hechas. *Arandes* v. *Baez, 20*

D. P. R. 388, y *American Railroad Company* v. *Wolkers*, 22 D. P. R. 283.

Es de revocarse la resolución apelada que dictó la Corte de Distrito de Ponce en julio 31, 1918 y dejarse subsistente la sentencia aprobatoria de transacciones que dictó en 24 de julio del año anterior 1917, sin especial condena de costas.

> *Revocada la resolución apelada dejando subsistente la de julio 24 de 1917, sin especial condena de costas.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.