Torrellas, Demandante y Apelante, *v.* Santos, Demandadas
y Apeladas.

Apelación procedente de la Corte de Distrito de Mayagüez
en pleito sobre reivindicación.

No. 2555.—Resuelto en junio 19, 1923.

Reivindicación—Causa de Acción—Ratificación de Partición Anulable—Bie-
nes de Menores Vendidos para Pago de Deudas Contra la Herencia—
*Estoppel.*—En la partición aprobada por la corte, de la herencia relicta al
fallecimiento del esposo y padre, se adjudicó una finca a la viuda para pago
de una deuda contra la herencia, en la cual interesaban menores, cuya finca,
vendida a la acreedora para pago de la deuda, pasó finalmente a poder de
las demandadas. Al ser mayores de edad, los menores ejercitaron actos de
dominio en bienes adjudicádosles en la partición y en otros adjudicados en
ella a la viuda y finalmente adquiridos por ellos a título hereditario. Muer-
tos también los herederos, dos hijas de uno de ellos demandaron la reivindi-
cación de la finca adjudicada y vendida para pago de deudas. *Se resolvió:*
1°., que los actos de dominio realizados por los herederos convalidaron la
partición anulable, por lo que las demandantes, aunque jamás hubieran rea-
lizado por sí actos de dominio sobre la finca que intentan reivindicar, care-
cen de causa de acción; y 2°., que una escritura de partición es una totali-
dad y un interesado que la ha aceptado en parte no puede rechazarla en
parte.

Los hechos están expresados en la opinión.

Abogado de la apelante: Sr. J. Sabater.

Abogado de las apeladas: Sr. A. Arnaldo.

El Juez Asociado Sr. Wolf, emitió la opinión del tri-
bunal.

En este caso la corte inferior emitió una opinión que es
como sigue:

"En la partición de la herencia de don Emilio Patxot y Blanch
se adjudicó a la viuda del causante, doña Ana Torrellas, la finca
descrita en el hecho tercero de la demanda, para pagar a doña Jo-
sefa Tió Segarra, un crédito por siete mil doscientos ochenta y dos
pesos, treinta y seis centavos, que murió adeudándole don Emilio
Patxot.

"Dicha participación fué aprobada por el Juzgado de Primera
Instancia de Mayagüez, por auto de once de mayo de mil ochocientos
noventa y cinco.

"Y en ella, es decir, en dicha partición, se comprendió además
de la finca adjudicada a doña Ana Torrellas para pago de bajas,

un condominio por la mitad en la Hacienda Isabel valuado en quince mil setecientos sesenta y cinco pesos, del que se adjudicó a la viuda una participación en pleno dominio, por mil novecientos noventa y cinco pesos cuarenta y dos centavos, y otra en usufructo por cuatro mil quinientos noventa y dos pesos cincuenta y dos centavos, adjudicándose a los herederos don Gerónimo Pascasio y don Emilio Patxot y Torrellas, una participación de cuatro mil quinientos noventa y dos pesos cincuenta y dos centavos a cada uno.

"Doña Ana Torrellas vendió a doña Josefa Segarra la finca descrita en el hecho tercero de la demanda para pago de su crédito contra el causante de la herencia; y ésta vendió después dicha finca a doña Carmen y doña Manuela Santos, en este caso demandadas.

"Doña Ana Torrellas falleció en Mayagüez, el día diez y seis de octubre de 1896, y fueron declarados únicos y universales herederos de ella don Gerónimo Pascasio y don Emilio Patxot y Torrellas, y éstos con ese título inscribieron su derecho hereditario sobre la participación adjudicada en la partición de la herencia de don Emilio Patxot y Blanch en el condominio de la Hacienda Isabel.

"Cuando se practicó la partición de la herencia de don Emilio Patxot y Blanch, eran menores de edad los herederos don Gerónimo Pascasió y don Emilio Patxot y Torrellas.

"Siendo mayores de edad estos herederos arrendaron a don José A. y don Francisco Menéndez el condominio que tenían en la Hacienda Isabel, que se les adjudicó en la partición de la herencia de don Emilio Patxot y Blanch, por escritura otorgada ante el notario don Mariano Riera con fecha 18 de enero de 1906, y dicho título fué inscrito en el registro de la propiedad.

"Y posteriormente por escritura otorgada ante el mismo notario, con fecha 24 de mayo de 1905, vendieron el condominio por la mitad que tenían en la Hacienda Isabel a doña Estela Bianchi.

"Muerto don Emilio Patxot, sin dejar más herederos que su hermano don Gerónimo Pascasio del mismo apellido, y muerto éste después dejando por únicos y universales herederos a sus hijas Ana y Clotilde Patxot y Torrellas, y su viuda doña Clotilde Torrellas, presentan esta demanda en reivindicación de la finca adjudicada a doña Ana Torrellas en la partición de la herencia de don Emilio Patxot y Blanch, para pago del crédito que tenía contra el causante de la misma, doña Josefa Tió Segarra.

"Dados estos hechos y teniendo en cuenta la doctrina sentada por nuestro Tribunal Supremo en los casos *Vázquez* v. *Santalís,* (D.

P. R. 26, 677), y *Díaz* v. *Balseiro* (D. P. R. R. 27, 141), esta corte llega a la conclusión de que las demandantes carecen de toda acción contra las demandadas, contra las que no tienen acción o derecho a reivindicar, la finca de que se trata, ni derecho o acción a pedir, la nulidad de la partición, porque ésta ha prescrito.''

En el caso de *Vázquez* v. *Santalís,* 26 D. P. R. 677, y en el de *Díaz et al.* v. *Balseiro & Georgetti,* 27 D. P. R. 141, se estuvo conforme o admitió, según sea el caso, que lo mismo que en el caso de *Longpré* v. *Díaz,* 237 U. S. 512, las varias adjudicaciones en pago de terrenos específicos fueron originariamente nulas o anulables, pero que, a diferencia de dicho caso de *Longpré* v. *Díaz,* los actos de las partes han ratificado o confirmado las adjudicaciones de tal modo hechas. Que las adjudicaciones eran originariamente nulas o anulables surgió del hecho de que la propiedad en cuestión pertenecía a menores y por tanto que no podía existir ninguna enajenación de dicha propiedad sin una autorización judicial previa. Las apelantes tratan de distinguir aquí el presente caso del de *Vázquez* v. *Santalís* o del de *Díaz et al.* v. *Balseiro & Georgetti,* debido a varias cosas.

La principal cuestión de diferencia en la cual se ha insistido, es que en esta acción ninguna parte del terreno específico que fué objeto de la primitiva adjudicación y de la presente reivindicación, jamás estuvo en posesión de las demandantes y que nunca ejercitaron ellas el más leve acto de posesión o de dominio sobre dicha propiedad específica. En el caso de *Vázquez* v. *Santalís* y en el de *Díaz et al.* v. *Balseiro & Georgetti, supra,* ciertas partes de la propiedad específica, o habían pasado al control o la posesión de los menores herederos, o se habían unido ellos para arrendar dicha propiedad específica. El hecho de si surgió una ratificación o confirmación es la verdadera cuestión en el presente caso. Encontramos la prueba sobre la confirmación o ratificación más robusta que en el caso de *Díaz Llenza* confirmado re-

cientemente por la Corte de Circuito de Apelaciones, Primer Circuito, 285 Fed. 132.

Como en ese caso la Corte de Apelaciones llamó la aten ción hacia el hecho de que el testamento en que se nombra- ban contadores partidores no parecía haber sido tomado en consideración por las cortes inferiores, diremos, de paso, que tenemos cierta duda de si un nombramiento hecho en testa- mento de contadores partidores que posteriormente dividen la finca entre los herederos no podría distinguir el caso de Longpré, supra, aunque existen fuertes dudas en sentido con trario. En aquel caso hubo un mero contrato privado y no había ninguna partición judicial o cuasi judicial como la que existe cuando se nombran contadores partidores por testa- mento o por la corte, quienes es de presumirse son personas desinteresadas. También es dudoso, cuando hay una parti- ción de los bienes del testamento en la cual intervienen conta- dores partidores y la subsiguiente aprobación de los procedi- mientos de la corte, si todo el procedimiento de testamen- taría no es reconocido por la ley local y si no es semejante a los varios modos de partición que tienen lugar en los di- ferentes Estados de los Estados Unidos, siendo allí la parti- ción normalmente hecha por *"commissioners"* y ratificada por la corte. Los arreglos extrajudiciales frecuentemente se recomiendan en los testamentos en los cuales general- mente se nombran contadores partidores. Los arreglos de familia son muy comunes en Puerto Rico. Estas son todas cuestiones a las cuales no hemos prestado especial atención para los fines de este caso pues después de la decisión en el caso de *Díaz* v. *Longpré* todo el mundo ha asumido que una adjudicación o dación en pago es un contrato ilícito para ha- cerlo cualquier persona en procedimientos de testamentaría en el cual están interesados menores.

La cuestión en el presente caso es, como indicó la corte inferior, que los herederos menores después de ser mayores de edad heredaron de su madre todos los derechos obtenidos

por ella por virtud de la escritura original de partición No. 646 relativa a los procedimientos de testamentaría de Emilio Patxot; que ellos inscribieron dichos derechos y ejercitaron varios actos de dominio en toda o en una parte de la propiedad heredada. Hacemos la distinción porque la escritura en cuestión si bien fué ofrecida como prueba en la corte inferior no se transcribe en los autos íntegramente y cualquier duda en cuanto a ella debe resolverse en favor de la sentencia. La referida madre era la misma persona a quien la propiedad específica en cuestión había sido adjudicada. Asimismo dichos herederos menores adquirieron directamente de acuerdo con la escritura de partición y algunos de los actos descritos por la corte inferior reconocían igualmente la validez de la escritura de partición independientemente de la herencia de la madre. No importa que dichos menores herederos no ejercitaran ningún dominio físico o civil sobre la propiedad específica adjudicada que es objeto de este pleito. Aquí las demandadas son dos mujeres que compran una propiedad. Si ellas consultan a un abogado, se presumiría que éste sabe que una adjudicación en pago de propiedad de menores era probablemente anulable. Escrudiñando el origen del título vería él que los derechos de sus clientes se originaron en una escritura de partición. Partiendo de nuevo de esta escritura encontraría que los menores herederos aceptaron directa o inmediatamente varios derechos por virtud de la escritura de partición y podía aconsejar debidamente a sus clientes que ellos tenían derecho a comprar. Aunque puede haber casos en los cuales los derechos o propiedad que se trasmiten a los herederos sean divisibles, sin embargo, mientras no estemos fuertemente convencidos de lo contrario, nos sentimos obligados a sostener, como en el caso de *Vázquez* v. *Santalís, supra,* que una escritura de partición es una totalidad y que nadie puede ciertamente reclamar por virtud de ella y tratar también de anularla parcialmente.

Asimismo las demandantes nada han hecho por restable
cer el *status quo ante*.   Ellas no están ofreciendo poner en
colación ninguna parte de la herencia recibida de su madre,
También en el testamento del causante se declaró que toda la
propiedad era ganancial.   Por tanto la esposa tenía una par-
ticipación de una mitad en toda y cada parte de ella.   Por
consiguiente, las demandadas tendrían derecho a esa partici-
pación de una mitad.   De igual modo y como hemos decla-
rado hasta cierto punto en el caso de *Díaz et al.* v. *Balseiro
& Georgetti*, en tanto estas demandantes recibieron algo de
su madre estarían ellas obligadas hasta el alcance de esta
herencia a compensar a estos compradores por virtud de la
garantía implícita de que el título que ella traspasó era vá-
lido.   Aunque basamos nuestra confirmación enteramente en
el fundamento de la ratificación, los hechos referidos, se-
gún revelan los autos, nos inclinamos a creer que por sí se-
rían suficientes para anular el título de las demandantes.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Aso-
ciado Aldrey.

El Juez Asociado Sr. Hutchison disintió.

El Juez Asociado Sr. Franco Soto firmó: "Conforme
con la sentencia."