María McCormick Vda. de Serrano, demandante y apelada, *v.* Adela McCormick de Watson, et als., demandados y apelantes.

Núm. 8807.—*Sometido:* Noviembre 9, 1944. *Resuelto:* Diciembre 14, 1944.

*Dubón & Ochoteco y Otero Suro & Otero Suro,* abogados de los apelantes; *E. Martínez Rivera y L. Blanco Lugo,* abogados de la apelada.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En 29 de marzo de 1939 la Corte de Distrito de San Juan declaró con lugar una demanda en la cual se solicitaba la nulidad de la sentencia dictada por la misma corte en 15 de febrero de 1930 aprobando la partición de los bienes de la herencia de Harry McCormick. En la segunda acción algunos de los demandados fueron emplazados personalmente, y otros por medio de edictos, a saber: (*a*) Eduardo Otto McCormick; Hortensia Dalmau; Eduardo, William, Josefina, Hortensia y Dolores McCormick Dalmau, representados

por su padre con patria potestad Eduardo Otto McCormick; Edith McCormick de Muñoz y sus hijos José, Fernando, Aida, Carlos y Roberto Muñoz McCormick, los tres primeros representados por su padre con patria potestad, José Muñoz Vázquez; y dichos José Muñoz Vázquez y Edith McCormick de Muñoz como únicos herederos de la demandada fallecida, Aida Muñoz McCormick, fueron emplazados personalmente; y (b) Helen Kierman McCormick, Catalina y Muriel Kierman McCormick y Catalina McCormick, por sí, y como madre con patria potestad sobre su hija menor Helen Kierman McCormick; y Adela McCormick de Watson, James W. Watson, y sus hijos menores de edad, Adela Watson McCormick, Edith Watson McCormick y William Wilford Watson McCormick, fueron emplazados por edictos, sin que estos últimos comparecieran en forma alguna, anotándoseles rebeldía en 15 de marzo de 1938.

En 16 de junio de 1942, la apelación de los demandados de apellido McCormick Dalmau y Muñoz McCormick, quienes fueron emplazados personalmente, fué desestimada por este tribunal, por haber sido interpuesta fuera de término (Mc Cormick v. McCormick et al., 60 D.P.R. 949) y el 28 de abril de 1943, se revocó la sentencia dictada en cuanto a cuatro de los demandados que fueron emplazados por edictos y que apelaron[1]—Helen Kierman McCormick, Catalina y Muriel Kierman McCormick y Catalina McCormick—por haber sido dictada sin jurisdicción, ya que ellos no habían sido debidamente emplazados. McCormick v. McCormick, 61 D.P.R. 841.

Así las cosas, los demandados que fueron emplazados personalmente y cuya apelación fué desestimada por esta corte, radicaron ante la corte inferior una moción solicitando que se dejara sin efecto la sentencia dictada contra ellos en 29

[1] Los otros demandados que fueron emplazados por edictos—Adela McCormick de Watson, James W. Watson, y sus hijos Adela Watson McCormick, Edith Watson McCormick, y William Wilford Watson McCormick—no apelaron de la sentencia de la Corte de Distrito.

de marzo de 1939, alegando para ello, fundamentalmente, que siendo nula la sentencia en cuanto a los cuatro demandados que fueron emplazados indebidamente, ella no podía subsistir en cuanto a los demás demandados, por la naturaleza misma de la partición, siendo necesario que tal sentencia afectara por igual a todos los herederos de Harry McCormick; alegando además que la sentencia recaída sobre aquellos herederos de apellido Watson McCormick, quienes fueron emplazados indebidamente pero que no apelaron, era nula por falta de jurisdicción.

La Corte de Distrito de San Juan dictó resolución declarando sin lugar la moción, y los demandados peticionarios interpusieron el presente recurso de apelación.

 Al revocar la sentencia en este caso, en tanto en cuanto afectaba a los únicos apelantes ante nos, los de apellido Kierman McCormick, ellos plantearon la misma cuestión envuelta en el presente recurso y entonces nos negamos a resolverla diciendo lo siguiente:

"[2] Arguyen además estas demandadas que refiriéndose la sentencia cuya nulidad se decretó en esta acción a una sobre partición de derechos hereditarios si se revoca dicha sentencia debe serlo en cuanto a todos los demandados ya que la partición es una unidad y no puede sostenerse que la sentencia sea válida en cuanto a unos demandados e inválida en cuanto a otros.

"No podemos adelantar ni expresar opinión sobre esta cuestión pues nos confrontamos con el hecho de que el recurso entablado por los demás demandados fué desestimado por esta corte desde el 12 de junio de 1942 y el mandato remitido a la corte inferior. Tanto en cuanto a ellos como a los demandados de apellido Watson McCormick que no apelaron, la sentencia es firme. Es a ellos a quienes afecta dicha sentencia y a ellos y no a las demandadas corresponde plantear ante la corte inferior lo que a su derecho corresponda en relación con el efecto y alcance que pueda tener la revocación de la sentencia en cuanto a los demandados Kierman McCormick." (*McCormick* v. *McCormick*, 61 D.P.R. 841, a la pág. 845.)

Fué a virtud de este pronunciamiento que los demandados de apellido McCormick Dalmau y Muñoz McCormick so-

licitaron de la corte inferior se dejara sin efecto la sentencia en su totalidad. Al denegar su petición la corte inferior se basó en la doctrina de que "en aquellos casos en que la acción se ejercita contra varios demandados, cuando la defensa interpuesta por uno de ellos no es personal al demandado que la interpone, esto es, cuando va dirigida al derecho del demandante para recobrar, de prosperar tal defensa, la misma redunda en beneficio de todos los demandados, doctrina ésta que aparece expuesta, con bastante claridad, en 78 A.L.R. 939 . . ." y estimó que la defensa jurisdiccional establecida por los demandados de apellido Kierman McCormick, por ser de carácter personal y no general, no podía favorecer a los demás demandados. De la cita que se hace de 78 A.L.R. 939 copiamos al margen(²) el primer párrafo para demostrar que la cuestión que plantea y se discute en la monografía que la sigue, no es aplicable a los hechos del caso de autos. Ella se refiere a que la defensa alegada con éxito por uno de varios codemandados, que ha comparecido, puede operar en beneficio de otro demandado que está en rebeldía. Aquí la situación es a la inversa. Fueron los codemandados contra quienes se dictó la sentencia en rebeldía quienes alegaron la falta de jurisdicción de la corte para dictar la sentencia anulando la partición decretada y aprobada por la misma corte. Es cierto, como dijo la corte inferior en la resolución apelada, que los aquí apelantes se sometieron a su jurisdicción. ¿Significa esto, sin embargo, que la sentencia dictada deba y pueda subsistir para estos demandados y no para los demandados de apellido Kierman McCormick y Watson Mc Cormick?

Arguyen los apelantes que siendo la partición una unidad a virtud de la cual se destruye la universalidad o comunidad de bienes que existía hasta el momento de la partición entre

---

(²)La cuestión de si una defensa alegada con éxito por uno de varios codemandados puede operar en beneficio de un demandado *en rebeldía* depende de la naturaleza, alcance y extensión de la defensa interpuesta por los demandados que contestan, y, hasta cierto punto, de la naturaleza mancomunada o solidaria del derecho alegado."

todos los herederos del finado, dicha partición no puede subsistir como válida para cuatro herederos demandados y ser nula para los demás herederos demandados.

Creemos que éste es el verdadero nervio de la cuestión planteada. No debemos olvidar que la sentencia dictada en este caso en el año 1939 expresamente declaró "nula y sin valor alguno la sentencia dictada por esta corte con fecha 15 de febrero de 1930 . . . en tanto en cuanto dicha sentencia intenta efectuar una partición de la herencia de Harry A. McCormick, sin la intervención de la demandante María McCormick."

De manera que por no haberse citado ni haber intervenido la aquí demandante en la partición judicial efectuada se anuló la partición. A la inversa, podríamos preguntar, ¿puede subsistir parcialmente esa sentencia anulando la partición si no fueron citados ni oídos varios de los herederos? Creemos que no. La razón es que no puede considerarse que la sentencia en un caso como éste sea separable. La partición o es válida o es nula. Habiéndose decretado su nulidad la sentencia es indivisible y tiene que afectar a todos los herederos que en ella intervinieron. Al ser revocada por esta corte en cuanto a los demandados Kierman McCormick de hecho quedó anulada en sus efectos en cuanto a todos los demandados.

Aun cuando se trataba de una partición extrajudicial hecha a virtud de una escritura pública en el caso de *Vázquez* v. *Santalís,* 26 D.P.R. 677, 683, resolvimos que:

". . . Una escritura de partición es un todo con partes de tal modo trabadas entre sí que no puede destruirse una parte sin afectar el todo. Cuando menos aquél que descansa sobre la destrucción de una parte debe demostrar que esa parte puede segregarse sin destruir el todo. Aquí todos, el demandante, el demandado y herederos en general, aceptaron y actuaron bajo la escritura de partición. Bajo los hechos del presente caso no procede acción alguna que no persiga la destrucción de toda la testamentaría."

Por analogía se aplicó esta misma doctrina en el caso *Torres et al.* v. *Sucesión Rosaly,* 28 D.P.R. 445, 458, a una sentencia de transacción dictada en una acción sobre reclamación de herencia a virtud de estipulación de la partes, diciéndose que:

"Tal estipulación daba a las transacciones el carácter de un solo todo con partes de tal modo unidas entre sí que no podía destruirse ni anularse una parte sin afectar al todo y por tanto, sea cual fuere el procedimiento que se siguiera para anular la sentencia de 24 de julio de 1917 aprobatoria de las transacciones, tenían que ser oídos en él además de la Sucesión Rosaly que realmente lo fué, los menores Garriga y los abogados Flores Colón y Tormes, los cuales no fueron oídos. *Por falta de partes interesadas no se siguió el procedimiento debido en ley para decretar la nulidad solicitada y en su virtud la resolución apelada adolece de un vicio sustancial que la invalida.* Véase *Vázquez* v. *Santalís* et al., 26 D. P. R. 677." (Bastardillas nuestras.)

Véanse además los casos de *Torrellas* v. *Santos,* 32 D.P.R. 90 y *Díaz et al.* v. *Balseiro & Giorgetti et al.,* 27 D.P.R. 141.

En igual forma consideramos que la sentencia que declaró nula la partición es una unidad que no puede ser válida en cuanto a unos herederos y nula en cuanto a otros. La sentencia de nulidad de la partición tuvo por objeto restituir los bienes de la herencia a su estado inicial de indivisión. Revocada esa sentencia a virtud de no haber actuado la corte con jurisdicción sobre algunos de los herederos no puede subsistir en cuanto a los demás herederos toda vez que eso equivaldría a sostener que los primeros continúan teniendo un derecho de propiedad sobre las participaciones específicas que les fueron adjudicadas y, por el contrario, los segundos sólo tendrían un derecho abstracto sobre todos los bienes de la herencia incluyendo las participaciones adjudicadas a los primeros.

El artículo 1021 del Código Civil dispone que "La partición legalmente hecha confiere a cada heredero la propiedad exclusiva de los bienes que le hayan sido adjudicados." Co-

mentando Manresa el artículo 1068 del Código Civil de España, equivalente al 1021 del nuestro dice:

"La ley señala el efecto principal de la partición siempre y cuando que esté legalmente hecha. Ese efecto es el de conferir a cada heredero la propiedad exclusiva de los bienes que determinadamente se le adjudiquen. Conferir, es conceder; atribuir, dar; la palabra *propiedad* indica el derecho verdadero o presunto, real o aparente, conferido sobre los bienes hereditarios; y se califica de exclusiva o absoluta, en contraposición a la propiedad anterior a la partición, que era una propiedad indivisa, y por lo mismo limitada, porque a un derecho abstracto, indeterminado, compartido con otros, y por lo mismo limitado, sustituye un derecho concreto, determinado, exclusivo y absoluto.

"Así, por la herencia se transmite la universalidad de bienes y derechos del causante; pero se transmite el todo indeterminadamente a todos los herederos, y por lo mismo ninguno de éstos puede decirse propietario exclusivo de cosa alguna de la sucesión. Al realizarse la partición es cuando el derecho de cada heredero se individualiza y determina, y adjudicando cosas o derechos particulares a uno de ellos en pago o representación de su haber o de su cuota indivisa, se adquiere por el adjudicatario la propiedad exclusiva de esos derechos u objetos especiales, y se pierde toda participación en las cosas o derechos de la herencia adjudicados a los demás." (7 Manresa, Cód. Civ., 788 (5ta. Ed.).

Por su naturaleza, no es éste un caso en el cual la corte, de acuerdo con el artículo 190 del Código de Enjuiciamiento Civil,[³] hubiera podido dictar sentencia contra uno o más de los demandados, dejando que el pleito continuara contra los otros, precisamente porque no procedía una sentencia por separado ya que la determinación de si la partición fué "legalmente hecha" es el objeto principal de la acción. La sentencia que lo determine necesariamente debe considerarse como una unidad y por consiguiente si esa sentencia ha sido revocada en cuanto afecta a algunos herederos debe asimismo dejarse sin efecto en su totalidad.

[³] "En una acción contra varios demandados, podrá la corte, a su arbitrio, dictar sentencia contra uno o más de ellos, dejando que continúe el pleito contra los otros, siempre que procediere una sentencia por separado."

*Debe revocarse la resolución apelada y devolverse el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*