LLENZA et al. v. BALSEIRO & GIORGETTI et al.

(Circuit Court of Appeals, First Circuit. December 19, 1922.)

No. 1482.

1. **Infants ⬅31 (2)—Cannot retain, after majority, benefits under partition deed, without ratifying it entirely.**

Where land was partitioned between infants and their father, the infants cannot, after attaining their majority, attack the deed on technical grounds, and have it invalidated as to the conveyance of the part to their father, by whom it had been conveyed to defendants, where they did not seek to nullify the entire transaction, but since their majority had been in possession of the tracts received by them, and had leased them, or confirmed leases thereof, so that there was a ratification of the partition under Civ. Code Porto Rico, §§ 1276–1280, the last section of which provides that confirmation purges the contract of all defects which it contained at its execution.

2. **Infants ⬅31 (1)—Cannot attack title under partition deed involving rights of others than minor heirs without nullifying the deed.**

Where a void partition deed involved the rights of the father of the minors and of the creditors of the former owner's estate, the minors cannot, after attaining majority, attack the title derived from their father to a portion of the tract given him by the partition, without nullifying the entire transaction.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the Supreme Court of Porto Rico.

Action by Luis Diaz Llenza and others against Balseiro & Giorgetti and others. A judgment for defendants was affirmed by the Supreme Court of Porto Rico, and plaintiffs bring error. Affirmed.

Jose R. F. Savage, of San Juan, Porto Rico, for plaintiffs in error.
Jose Tous Soto, of Ponce, Porto Rico, for defendants in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is an action of "nullity, ejectment, and damages," brought in the district of Arecibo on November 7, 1916. The case is submitted on briefs. We have not had the assistance of oral argument by counsel familiar with Porto Rican law, on issues on which such presentation, with questions by the court, would be of unusual advantage. The record is bulky and, in some respects, confusing. But, construing it in the light of the opinions of the District Court and of the Supreme Court, the case, in essence, may be stated as follows:

The plaintiffs are the 10 surviving children of Joaquina Llenza, who died on August 25, 1893, leaving a husband, Diaz Fonseca, and 11 children, all minors but one, Carmen. One of the 10 minors died in infancy, and the father succeeded to this child's rights—a change in the status now immaterial.

When Mrs. Llenza died, a property called "Higuerito," consisting of 145 acres, belonged to the conjugal society; that is, the decedent and her husband each owned an undivided half interest in this land, subject to the debts owed by the society. Mrs. Llenza left a will, giving her property to her 11 children, naming her husband as executor, and appointing a commissioner (contador partidor) to make the division of her estate, and directing that there should be no judicial intervention in the settlement of her estate. But neither court below has treated this will as making any difference in the rights now in question. After her husband's death, a guardian ad litem was named for the minor heirs, on the theory that the father had adverse interests. A partition deed, or agreement, was executed, under which the father assumed the debts of the conjugal society, and 79+ acres were set off to the father as his share in the conjugal estate and to compensate him for the debts assumed. The other 65+ acres were set off to the eleven children in definite parcels. The excess allotment to the father of 14 acres was the assumed and so far as appears the fair equivalent of the debts assumed by him.

In April, 1895, Fonseca, the widower, carved a parcel of 46 acres out of his 79-acre portion, and applied it by mortgage to secure the payment of the debts of the conjugal partnership to the defendants Balseiro & Giorgetti. This mortgage appears to have been foreclosed, or his right of redemption released, in 1901. In 1907 Balseiro & Giorgetti sold and conveyed the same parcel to the defendant Plazuela Sugar Company. Fonseca has since died, leaving as his heirs at law the 10 plaintiffs, who now bring this action to recover the 46 acres, with mesne profits thereon.

There is no claim of fraud or mistake, no prayer for the rescission of the partition proceedings, and no offer to restore the status quo. The claim made is purely technical, and, on this record, is without a shadow of equity. The District Court held the original partition proceedings in 1895 void, as falling within the rule laid down in Longpre v. Diaz, 237 U. S. 512, 35 Sup. Ct. 731, 59 L. Ed. 1080, and also held the plaintiffs not entitled to recover, apparently on the grounds that the 46-acre parcel was a part of the estate of the conjugal society which might have been apportioned to the grantor as surviving husband, and that the defendants were innocent third parties.

The Supreme Court reached the same result, but on the ground that even if the original transaction was invalid, it was completely ratified in accordance with sections 1276–1280 of the Civil Code.

[1] We think the decision of the Supreme Court was right. If we assume, but without deciding, that the agreement or deed of partition was invalid when made, we think it clear that the Supreme Court was right in holding that deed an entirety, so that the heirs, after reaching their majority, cannot claim under it, and, at the same time, avoid it. This instrument allotted to these plaintiffs certain definite portions, free from debts chargeable upon the entire estate of both father and mother—free also from the father's right of usufruct. Other facts grounding the conclusion as to ratification are, as set out in the opinion of the Supreme Court, as follows:

"As set out in the pleadings, one of the heirs alienated the 5 acres adjudicated to her by the said partition deed. From time to time Balseiro & Giorgetti rented the property, Higuerito, or parts of it, from Diaz Fonseca, both before and after the transfer of the 46 acres in 1895, consummated in 1901. On April 29, 1910, a contract of lease was made by Diaz Fonseca and his adult children on the one side, and Balseiro & Giorgetti on the other, by which the adjudication to the father of the 79 acres, as well as the segregation of the 46 acres, is recognized. At that time 3 of the children were still minors, but in 1912 all of the said heirs then of age confirmed the contract of lease previously made. Given the record of the partition deed in favor of the minor heirs and their joining in the contracts of lease to the same defendants, Balseiro & Giorgetti, the proof shows that the heirs, in point of fact, accepted the division made by the partition deed and were in 1912 and before that time in possession of the lands adjudicated to them by the said partition deed. The presumption would be that they took under the deed and its record, even if there had been no specific contracts of lease made by them. We think there was a complete ratification in accordance with sections 1276, 1277, 1278, 1279, and 1280 of the Civil Code. The last-named section says that confirmation purges the contract of all defects which it may have contained from the moment of its execution, so that the acts of the complainants and appellants have confirmed the partition deed made in 1895."

Compare Irvine v. Irvine, 9 Wall. 617, 19 L. Ed. 800.

The Supreme Court of Porto Rico held also that:

"If, now, there should be an attempt to divide the inheritance of Joaquina Llenza, the Plazuela Sugar Company would be entitled to claim anything that Diaz Fonseca might have claimed, and, unless these 46 acres were better than any other portion of the property Higuerito, it would have an equitable right to insist that the 46 acres which they now hold should be adjudicated to Diaz Fonseca and in turn to the said Plazuela Sugar Company."

[2] The record indicates that the 145 acres were of uniform value; at any rate the plaintiffs' case is not grounded on any contention that

the 46 acres were any better than the rest of the estate, or had an aggregate larger market value than the debts chargeable upon the entire estate. As already noted, the plaintiffs do not ask for nullity of the whole partition deed, or for a new partition; they seek to assert a purely technical title to these 46 acres. The plaintiffs' sole reliance for this contention is certain expressions in the opinion in Longpre v. Diaz, 237 U. S. 512, 35 Sup. Ct. 731, 59 L. Ed. 1080. In Vazquez v. Santalis, 26 P. R. 614, the Supreme Court of Porto Rico said:

"After the decision in Longpre v. Diaz, 237 U. S. 512, this country has been visited with a wealth of litigation seeking to recover stale claims, the kind of suit never favored by the courts. The case of Longpre v. Diaz, however, is not a charter for every kind of claim where minors are concerned. In that case there was a single minor child, who embraced in himself the whole title to the land in controversy, and, the adjudication being void, there was no person in the world who had an adverse title to him, or equal rights with him, in the said land. The court said: 'We say this because the so-called partition and the sale of the property by a mere private agreement were directly in the teeth of the requirements of the law concerning the administration and sale of a minor's property, and therefore such mere private sale created no rights whatever conflicting with the title vested in the minor in virtue of his heirship.' The substantive rights of the minor children of Ramon Olivares y Garcia were perhaps the same or similar to the rights of the minor child in the Longpre Case, namely, that the adjudication as such to Santalis was not binding on said minor children—in other words, that the said adjudication, if it had stood alone, and if properly attacked, could have been destroyed or disregarded. The Longpre Case is not, however, determinate of the rights of a number of heirs among themselves, where elements other than a mere adjudication have intervened."

We concur in the view of the Supreme Court of Porto Rico that the rule laid down in Longpre v. Diaz does not sustain the contention of the present plaintiffs. In this case the partition proceedings involved the rights of creditors of the conjugal partnership, of the surviving husband and father, as well as the rights of minor heirs inter sese. The facts are radically different from those before the court in Longpre v. Diaz.

We need indulge in no new disquisition on the old and much-discussed problem of voidable and void transactions. Compare State v. Richmond, 26 N. H. 232, and cases cited.

The judgment of the Supreme Court of Porto Rico is affirmed, with costs in this court to the defendants in error.