TORRELLAS, PLAINTIFF AND APPELLANT, *v.* SANTOS ET AL., DEFENDANTS AND APPELLEES.

## APPEAL from the District Court of Mayagüez in an Action of Revendication.

No. 2555.—Decided June 19, 1923.

REVENDICATION—PARTITION—RATIFICATION—MINORS—PROPERTY OF MINORS—ESTOPPEL.—In the approved partition of the estate left at his death by the husband and father a property was allotted to the widow for the payment of a debt against the estate in which minors were interested, and the property, which was conveyed to the creditor in payment of the debt, finally passed into the possession of the defendants. The minors became of age and then exercised acts of ownership over properties allotted to them in the partition and over others allotted to the widow and finally acquired by them by inheritance. The heirs died and two daughters of one of them brought an action to recover the property conveyed for the payment of the debt. *Held:* 1st. That the acts of ownership exercised by the heirs validated the voidable partition and, therefore, although the plaintiffs had never exercised personal acts of ownership over the property sought to be recovered, they have no cause of action. 2nd. That a deed of partition is an entirety and an interested party who has accepted it in part can not reject it in part.

The facts are stated in the opinion.
*Mr. J. Sabater* for the appellant.
*Mr. A. Arnaldo* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the court below rendered an opinion as follows:

"In the partition proceedings of the estate of Emilio Patxot y Blanch, Ana Torrellas, widow of the deceased, was awarded the property described in the third count of the complaint for the purpose of paying Josefa Tió Segarra a debt of $7,282.37, due and owing to her by Emilio Patxot at the time of his death.

"Said partition was approved by the Court of First Instance of Mayagüez in its decree of May 11, 1895.

"The said deed of partition included, in addition to the property allotted to Ana Torrellas for the payment of liabilities, a half interest in the 'Isabel' property valued at $15,765, of which the widow was allotted the absolute ownership of an interest of $1,995.42 and a usufructuary interest of $4,592.52, the heirs Gerónimo Pascasio and Emilio Patxot y Torrellas being awarded an interest of $4,592.52 each.

"Ana Torrellas sold Josefa Segarra the property described in the third count of the complaint in settlement of the amount due and owing to her by the former owner of the estate; and she later sold the said property to Carmen and Manuela Santos, defendants herein.

"Ana Torrellas died in Mayagüez on October 16, 1896, and Gerónimo Pascasio and Emilio Patxot y Torrellas were adjudged her sole and universal heirs, by virtue of which title they recorded their hereditary right to the interest adjudicated in the proceedings for the partition of the estate of Emilio Patxot y Blanch in the co-ownership of the 'Isabel' property.

"At the time the partition of the estate of Emilio Patxot y Blanch was made, the heirs Gerónimo Pascasio and Emilio Patxot y Torrellas were minors.

"Upon attaining majority the said heirs leased to José A. and Francisco Menéndez their part interest in the 'Isabel' property, allotted to them in the partition of the estate of Emilio Patxot y Blanch under deed executed before notary Mariano Riera on January 18, 1906, their title being recorded in the registry of property.

"And subsequently, by deed executed before the same notary on May 24, 1905, they sold their half interest in the 'Isabel' property to Estela Bianchi.

"Upon the death of Emilio Patxot without other heirs than his brother Gerónimo Pascasio of the same surname, and after the death of the latter at a subsequent date, leaving as his sole and universal heirs his daughters Ana and Clotilde Patxot y Torrellas and his widow Clotilde Torrellas, the last named have filed suit to recover the property allotted to Ana Torrellas in the partition of the estate of Emilio Patxot y Blanch in settlement of the debt that the ancestor owed to Josefa Tió Segarra.

"In view of these facts and bearing in mind the doctrine laid down by our Supreme Court in the cases of Vázquez v. Santalis, 26 P. R. R. 614, and Díaz v. Balseiro, 27 P. R. R. 132, this court is of the opinion that the plaintiffs have no cause of action against the defendants, nor right nor action to recover the property in controversy, nor right nor action to ask for the annulment of the partition, because such right or action has prescribed."

In *Vázquez* v. *Santalis,* 26 P. R. R. 614, and in *Díaz Llenza* v. *Balseiro & Giorgetti,* 27 P. R. R. 132, it was conceded or admitted, as the case may be, that similarly to the case of *Longpré* v. *Díaz,* 237 U. S. 512, the several adjudications in payment of specific lands were originally void or voidable, but that, in distinction to said case of *Longpré* v. *Díaz,* the acts of the parties had ratified or confirmed the adjudications so made. That the adjudications were originally void or voidable sprung from the fact that the property concerned belonged to minors and that hence there could be no alienation of the said property without a previous judicial authorization. The appellants here seek to distinguish the present case from either *Vázquez* v. *Santalis* or *Díaz Llenza* v. *Balseiro & Giorgetti* by reason of various matters.

The principal point of distinction insisted on is that in this suit no part of the specific land, object of the original adjudication and of the present revendication, was ever in the possession of the complainants and that they never exercised the slightest act of possession or dominion over the said specific property. In *Vázquez* v. *Santalis* and in

*Díaz Llenza* v. *Balseiro & Giorgetti, supra,* parts of the specific property had either entered into the control or the possession of the minor heirs, or they had joined in leasing the said specific property. Whether a ratification or confirmation arose is the real question in the present case. We find the evidence of confirmation or ratification stronger than in the case of *Díaz Llenza* recently affirmed by the Circuit Court of Appeals, First Circuit, 285 Fed. 132.

As in that case the Court of Appeals drew attention to the fact that the will appointing commissioners did not seem to have entered into the consideration of the courts below, we shall say in passing that we have some question whether an appointment by will of commissioners who subsequently divide the land among the heirs might not distinguish the case from *Longpré, supra,* although there are strong doubts the other way. In that case there was a mere private agreement and no judicial or quasi-judicial partition as exists when commissioners are appointed by will or by the court and who are presumably disinterested. There is a question too when there is partition of the testamentary estate in which commissioners intervene and a subsequent approbation of the proceedings of the court, whether the whole testamentary proceeding is not recognized by local law and is not similar to the various modes of partition that obtain in the various states of the United States, the partition there being normally made by commissioners and ratified by the court. Extrajudicial settlements are frequently recommended by wills wherein generally commissioners are named. Family settlements are very common in Porto Rico. These are all matters to which we have given no special attention for the purpose of this case, as after the decision in *Díaz* v. *Longpré,* every one has assumed that an adjudication or *dation in paiment* is an illicit contract for anyone to make in testamentary proceedings where minors are concerned.

The fact in the present case is, as pointed out by the court below, that the minor heirs after they were of age inherited from their mother all the rights which she received by virtue of the original partition deed No. 646, in regard to the testamentary proceedings of Emilio Patxot; that they recorded the said rights and exercised various acts of dominion over all or a part of the inherited property. We make the qualification because the deed in question, although offered in evidence below, is not copied into the record in its entirety and any doubt thereto must be resolved in favor of the judgment. The said mother was the same person to whom the specific property in question had been adjudicated. Likewise, the said minor heirs took directly under the partition deed and some of the acts described by the court below likewise recognized the validity of the partition deed independently of the inheritance from the mother. It can make no difference that the said minor heirs exercised no physical or civil dominion over the specific property adjudicated, the object of this suit. Here the defendants are two women buying property. If they consult a lawyer he would be presumed to know that an adjudication in payment of minors' property was probably voidable. Tracing back the source of the title, he would see that his clients' right originated in a partition deed. Starting afresh from this deed he would find that the minor heirs accepted mediately and immediately various rights under the partition deed and could properly advise his clients that they had a right to buy. While there may be cases where the rights or property passing to the heirs are divisible, yet until we are strongly convinced to the contrary we feel bound to hold, as in *Vázquez* v. *Santalis,* *supra,* that a partition deed is an entirety and that no one can distinctly claim under it and also try to avoid it partially. Likewise, the complainants have done nothing to

reestablish the *status quo ante*. They are not offering to put into hotch potch any part of the inheritance received from their mother. Also, in the will of the ancestor it was declared that all the property was ganancial. Hence the wife had a half interest in each and every piece. Therefore, the defendants would be entitled to that one-half interest. Similarly, and as we indicated to a certain extent in *Díaz Llenza* v. *Balseiro & Giorgetti,* so far as these complainants received anything from their mother they would be obliged to the extent of such inheritance to compensate these purchases under the implied warranty that the title she conveyed was good. Although we place our affirmance squarely on the ground of ratification, the recited facts, as disclosed by the record, would of themselves, we are inclined to think, be sufficient to defeat the title of the complainants.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justice Aldrey concurred.
Mr. Justice Hutchison dissented.
Mr. Justice Franco Soto concurred in the judgment.