Fernando Ruiz Callejas et al., Appellants, *v.* Registrar of Property of San Germán, Respondent.

No. 784.   Argued November, 4, 1929.—Decided May 20, 1930.

L. *López de Victoria*, for appellants.   The registrar appeared by brief.

Mr. Justice Wolf delivered the opinion of the court.

On its merits this appeal involves the sufficiency of a partition deed to transfer title, in a case where minors were involved and an adjudication in payment of debts was made. There is, however, a preliminary question.   The said minors attempted to convey property nominally passing to them under the deed.   The Registrar of San Germán in September, 1929, refused record on the justifiable ground that the property attempted to be conveyed did not appear to be in the name of the alleged grantors.   Thereupon the latter pre-

sented a partition deed executed in 1909, purporting to convey the said title. The said partition deed standing by itself had previously been denied record in August, 1929, and no appeal was taken from the decision. The registrar apparently maintains that appellants can not bulwark their title, or its origin, by relying on a deed whose record has been denied and the denial has been consented.

The deed before us however adds an element that was not before the registrar when he denied record to the original partition deed. The additional element is an alleged confirmation and ratification made by the parties principally interested, namely, the minors now of age who were affected by the said partition. Under these circumstances, the conjunction of the two deeds presents a state of facts not previously before the registrar and the total situation is not a consented one.

We come then to examine the case on its merits and first to see the nature of the partition deed. That a deed of this nature may be confirmed appears from our opinions in *Ledesma et al.* v. *Agrait et al.*, 19 P.R.R. 541 and more especially by our decisions in *Vázquez* v. *Santalís et al.*, 26 P.R.R. 614; *Carrasquillo et al.* v. *Bertrán et al.*, 26 P.R.R. 516; *Díaz et al.* v. *Balseiro & Giorgetti et al.*, 27 P.R.R. 132, affirmed by the Circuit Court of Appeals under the title *Llenza et al.* v. *Balseiro & Giorgetti et al.*, 285 Fed. 132, citing with approval from *Vázquez* v. *Santalís, supra.* Many of these decisions distinguished *Longpré* v. *Díaz*, 237 U. S. 512.

All of the said cases, with the exception of *Ledesma* v. *Agrait, supra,* show that minors arriving at their age may confirm or ratify a partition deed where adjudication is made in payment of debts. As was said in *Carrasquillo* v. *Bertrán, supra,* where a partition deed was involved, such a conveyance "may be ratified, confirmed, acknowledged or given lawful life for the first time by the minor when he acquires the full capacity conferred by the attainment of his majority."

In this particular case it would likewise appear from the

partition deed that the minors were the only persons who could claim title, and even if the adjudication made to others were entirely void, yet the grantors, no longer minors, became completely estopped to assert title. It is to be noticed that in all or nearly all the cases where adjudications in payment of debts were contested, the property involved was conveyed to persons other than the minors themselves. Here the property whose record is sought was adjudicated directly to the minors and not to a third person.

The note should be reversed and the record made.